**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HERBERT ELESH, | ) |
| | ) Case No. 12-CV-10355 |
| Plaintiff, | ) Hon. Matthew Kennelly |
| | ) |
| v. | ) |
| | ) |
| | ) Removed from Cook County |
| | ) Circuit Court |
| MORTGAGE ELECTRONIC | ) Case No. 12CH42187 |
| REGISTRATION SYSTEMS, INC. | ) |
| | ) |
| Defendant. | |

## RESPONSE TO PLAINTIFF'S MOTION FOR REMAND

NOW COMES Defendant, Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS" or "Defendant"), by its attorneys Morris, Laing, Evans, Brock & Kennedy, Chtd., and in support of its Response to Plaintiff's Motion to Remand states as follows:

Plaintiff does not appear to contest the diversity of citizenship between the parties and only contests whether the amount in controversy requirement is met. Plaintiff also does not appear to contest the fact that Plaintiff's debt is more than $75,000.00. As more fully argued below, Plaintiff seeks to void entirely a mortgage contract with a value in excess of $75,000.00. Despite Plaintiff's insistence that his damages amount to less than $12,000.00 and that he acknowledges he will still be obligated under the related promissory note, voiding the mortgage contract would amount to damages in an amount equal to the amounts owing on the promissory note.

Throughout the Complaint, Plaintiff requests that this Court rescind the mortgage contract and find the mortgage contract void. See Plaintiff's Complaint ¶7 (". . . Petitioner requests that this Court declare the mortgage to be void ab initio, or cancel the instrument . . ."); ¶15 (". . . rendering the Mortgage instrument as void."); ¶22 ("For this reason, the Mortgage

instrument was void from its inception."); ¶24 (". . . any cloud on title must be removed."); ¶26 ("This not only rendered the mortgage instrument void from its inception . . . it destroyed any chance at a valid transfer or assignment by the Lender. . . The purported mortgage instrument was therefore created as a nullity, as should be declared void." ¶Request for Relief A ("Deeming the Mortgage Instrument null and void ab initio from its inception."); ¶Request for Relief D ("Deeming the mortgage instrument as void because a contracting party exceeded its authority to contract. . ."); ¶Request for Relief G, ("Declare that the Mortgage Instrument has no independent value existing separately and apart from the note . . . and therefore cancel the instrument for having its value paid in full (that value being zero").

In the United States Court of Appeals for the 7th Circuit Court, the amount in controversy is determined by the contract's entire value, without offset when a plaintiff seeks to rescind a contract. See *Jadair, Inc. v. Walt Keeler Co.,* 679 F.2d 131, 133 n. 5 (7th Cir.1982) (remarking that in a case of contract rescission, the amount in controversy is a net figure not including counterclaims or offsets). Other Courts have held similarly. See e.g. *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000) citing *Jadair* ("when a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy."), *Bailey v. Romney,* 359 F.Supp. 596, 599 (D.D.C.1972) (finding that the amount in controversy is clearly satisfied where plaintiffs seek to rescind the purchase of their homes); *Cohen v. North Ridge Farms, Inc.,* 712 F.Supp. 1265, 1266 (E.D.Ky.1989) (holding that amount in controversy is met in diversity action, in which plaintiff sought rescission of contract for purchase of a returnable good, without regard to offset).

Here, the value of the mortgage contract is approximately $124,000, exclusive of any interest, fees or other costs owing as indicated in Defendant's Notice of Removal. Should this Court grant Plaintiff's relief, the value of the security interest becomes zero. Plaintiff argues that

he acknowledges he would still owe the money under the promissory note, but the mortgage contract, i.e. security instrument, is precisely what provides value for the amounts owing. Without the mortgage instrument, Plaintiff simply owes on a dischargeable unsecured debt. As indicated in *Jadair*, the amount in controversy is determined by the contract's entire value, without offset when a plaintiff seeks to rescind a contract. Because Plaintiff is seeking to rescind and void the mortgage contract entirely, its value is measured at contractual amount owing, or $124,000, exclusive of any interest, fees or other costs owing. As a result, the amount in controversy requirement is met under 26 U.S.C §1332(a).

      WHEREFORE, Defendant respectfully requests this Court deny Plaintiff's Motion to Remand and for any other relief as may be proper.

                                        Respectfully Submitted,

                                        Morris, Laing, Evans, Brock & Kennedy Chtd.

*/s/ Justin F. Carter*
Justin F. Carter (23358)
Morris, Laing, Evans, Brock & Kennedy, Chtd.
1 E. Wacker Drive
Suite 2500
Chicago, IL 60601
P: 316-383-6492
F: 316-383-6592
jcarter@morrislaing.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HERBERT ELESH, ) | |
| ) | Case No. 12-cv-10355 |
| Plaintiff, ) | Hon. Matthew Kennelly |
| ) | |
| v. ) | |
| ) | Removed from Cook County |
| ) | Circuit Court |
| MORTGAGE ELECTRONIC ) | Case No. 12CH42187 |
| REGISTRATION SYSTEMS, INC. ) | |
| ) | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all parties of record through said system. Additionally, a copy of the foregoing was served on the below parties via first class mail, pre-paid, a copy of which was placed in the USPS mailbox at 1 E. Wacker Drive, Chicago, IL 60601 at or before 5:00PM on January 4, 2013.

Herbert Elesh
1659 Winnetka Rd.
Glenview, IL 60025

Respectfully Submitted,

Morris, Laing, Evans, Brock & Kennedy Chtd.

*/s/ Justin F. Carter*
Justin F. Carter (23358)
Morris, Laing, Evans, Brock & Kennedy, Chtd.
1 E. Wacker Drive
Suite 2500
Chicago, IL 60601
P: 316-383-6492
F: 316-383-6592
jcarter@morrislaing.com