JH

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

HERBERT ELESH )
           Plaintiff )
                       )
                       )
         VS. )
                       )
MORTGAGE ELECTRONIC REGISTRATION )
SYSTEMS, INC. )
                       )
           Defendant )

**Case No 12 cv 10355**
**Hon. Matthew Kennelly**

# FILED MK

FEB 2 7 2013
*FEB. 27, 2013*
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### RULE 37 (B) MOTION TO COMPLEL

NOW COMES PRO SE Plaintiff, Herbert N. Elesh, pursuant to 37 (B) of the Federal

Rules of Civil Procedure, and states and requests of the Court the following:

1.     Plaintiff has been actively engaged in Discovery of Mortgage Electronic

Registration Systems, Inc.(MERS) to achieve transparency regarding the authority of

MERS to (1) assign mortgages (2) assign promissory notes (3) its agency relationship with

the lender Decision One if any (4) consideration paid by MERS (5) titles or positions at

MERS of Christina Carter and Rashad Blanchard and Cory Messer who executed

and prepared the assignment of mortgage and who is available for deposition in this matter and

(6) the document retention policy of MERS regarding notes and mortgages and (7) the legal

relationship between Ocwen (mortgage servicer) and MERS. SEE ATTACHED DISCOVERY.

2.     Defendant's counsel, not Defendant, in contravention of the spirit and letter of

the federal rules regarding Discovery and local rule 37.2 has objected to providing any

transparency and disclosing the above information and documents in the vast majority of the

requests to produce and interrogatories and requests to admit by claiming the English or terms were not understandable.

4.     Specifically Plaintiff emailed counsel a list of which Discovery responses were nonresponsive and answered by Defense counsel and not the Defendant on 02/21/2013 to elicit responsive answers and production. (Exhibit 1)

5.     Pursuant to local Rule 37.2 Defendant's counsel Justin Carter and Pro Se Plaintiff Herbert Elesh conferred at the Dirksen Federal building on 02/22/2013 at 10:15 am to try to resolve the differences regarding the nonresponsive RESPONSES TO REQUEST FOR PRODUCTION AND RESPONSES TO INTERROGATORIES and REQUEST TO ADMIT. (See Exhibit 2).

6.     Said conference did not result in anymore transparency and Plaintiff has made a good faith effort to resolve the issue of the plain language or English used in his Discovery and Defendant's counsel has claimed he does not understand the terms used; this lack of accord was not the result of Plaintiff's efforts.

7.     Plaintiff has used plain language and expects reasonable use and interpretation of said English; he has made honest efforts to receive responsive answers from counsel for the Defense to no avail including a request to resend new answers after the 37.2 conference to no avail.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A.     An Order compelling answers, production and requests to admit pursuant to

Rule 37 and Rule 37.2 as listed in Exhibit 1 of this motion.

B.     Any other relief deemed just and proper.

Respectfully submitted,

Herbert N. Elesh

Herbert N. Elesh
401 S. Milwaukee Ave. #160
Wheeling, IL 60090
847 465 1900

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing RULE 37 (B) MOTION has been sent by First Class U.S. mail, postage prepaid, this _28_ day of February, 2013, to counsel for Plaintiff, to wit:

To:     Justin Carter
        Morris, Laing, Evans
        1 E. Wacker Drive
        Suite 2500
        Chicago, IL 60601

Herbert Elesh

Justin Carter: 02/21/2013

RE: Rule 37/ Elesh v. MERS 12-cv-10355

This is a formal request to confer per Rule 37 prior to filing a Motion to Compel regarding the following:

1. Request to Admit #3,4,5,6,8,9,10,11,13,19,22 (objections were unreasonable)

2. Interrogatories #5,6,7,9,10,11,13,14 (nonresponsive and unreasonable objections)

3. Request for Production #1(proof of agency relationship?) #3(who can be deposed?), 4, 7

(responses were unreasonably unresponsive and evasive)

Comply by meeting in Wheeling on 02/25/2013 9:00 am to 12:00/noon at 401 S. Milwaukee Ave or via

U.S. mail by 02/26/2013 or I will file a Motion to Compel proper and complete and responsive answers and documents regarding

the above mentioned Discovery. You can email me your intentions and discuss on 02/22/2013 in the

Dirksen Federal Building as well as we are scheduled for a different case on that date.

Herbert Elesh

EXHIBIT

1

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| HERBERT ELESH, | ) |
| | ) Case No. 12-cv-10355 |
| Plaintiff, | ) Hon. Matthew Kennelly |
| | ) |
| v. | ) |
| | ) Removed from Cook County |
| | ) Circuit Court |
| MORTGAGE ELECTRONIC | ) Case No. 12CH42187 |
| REGISTRATION SYSTEMS, INC. | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

NOW COMES Defendant, Mortgage Electronic Registration Systems, Inc. ("MERS")

and hereby responds to Plaintiff Herbert N. Elesh's ("Elesh") First Set of Interrogatories as

follows:

Defendant's response to these interrogatories is based upon its investigation conducted

during the time available since service of the interrogatories. As of the date of this response,

Defendant has had insufficient opportunity to review all documents, interview all personnel, and

otherwise obtain information which may prove relevant in this case, including, without

limitation, through discovery of Plaintiff, third parties, or both. Consequently, Defendant's

response is based upon information now known to Defendant which Defendant believes to be

relevant to the subject matter covered by Plaintiff's interrogatories. In the future, Defendant may

acquire additional information or discover information currently in its possession that bears upon

Plaintiff's request and Defendant's answers instanter. Defendant incorporates this preliminary

statement into each response herein as if fully set forth.

### GENERAL OBJECTIONS AND DEFINITIONS

No Waiver. To the extent that Defendant objects to a particular Interrogatory on the basis

of specific objections, Defendant hereby states that it does not thereby waive its general

EXHIBIT
2

objections to all of the Interrogatories. To the extent that Defendant objects herein to a particular Interrogatory, or proceeds to answer the Interrogatory in whole or in part, Defendant hereby states that it does not thereby waive any objection to the Interrogatory in question. To the extent that any information is inadvertently provided, which information is properly the subject of the attorney/client privilege or work product doctrine or any other privilege or immunity, such disclosure is not to be construed as a waiver of the applicable privilege, doctrine or immunity.

Procedure. Defendant objects to any claim that Interrogatories are continuing or require supplementation by information secured subsequent to the filing of its responses except as required by the Federal Rules of Civil Procedure. Defendant's responses to these Interrogatories are based on information known by it at this time, and such responses are set forth without prejudice to Defendant s right to assert additional objections or supplementary responses should it discover additional information or grounds for objection. Defendant reserves the right to supplement or amend these responses at any time prior to trial of this action. Defendant further objects to any instructions and/or definitions to the extent that they seek to impose on Defendant's obligations that are not found in the applicable Federal Rules of Civil Procedure, and any Orders that have been entered in this action. Finally, the word usage and sentence structure is that of the attorney and does not purport to be the exact language of the executing party.

Cross-References. The following terms are used to delineate objections throughout this Response.

(a) "Attorney/client privilege" means that the discovery sought relates to confidential communications between counsel and client, their representatives or other parties similarly situated in a matter of common interest.

(b) "Burdensome" means that the discovery sought is unreasonably cumulative or duplicative or is unreasonable as to time frame or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had

ample opportunity by discovery in the action to obtain the information sought.

(c) "Not Relevant" means that the discovery sought is not relevant to the subject matter involved in the pending action and is not reasonably calculated to lead to the discovery of admissible evidence.

(d) "Attorney work product privilege" means that discovery of documents and things otherwise discoverable prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) is sought without a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means or that the discovery seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

## RESPONSES

NO. 1:  Name all witnesses and experts, including handwriting experts who will called for trial or an evidentiary hearing regarding the validity of the assignment of mortgage and the signatures of Christina Carter and Rashad Blanchard on the same.
ANSWER:

MERS has not identified said witnesses or experts at this time as Defendant's investigation is still ongoing.  Defendant shall supplement this Answer with the information requested as soon as it is available.

NO 2: Describe the location of the original mortgage and promissory note which are the subject of this lawsuit.
ANSWER:

MERS is unaware of the location of the original mortgage and promissory note as MERS is has had no involvement or interest in the subject mortgage since it assigned its interest in the subject mortgage to Plaintiff Deutsche Bank National Trust Company, as Trustee Under Pooling and Servicing Agreement Dated as of July 1, 2005 Morgan Stanley ABS Capital I Inc. Trust 2005-HE3 Mortgage Pass-Through Certificates, Series 2005-HE3 ("Deutsche Bank").  By further response, MERS' counsel has informed MERS that he is currently in possession of the original mortgage and promissory note as MERS' counsel is also counsel for the case in which Deutsche Bank seeks to foreclosure its mortgage.

NO 3: Are Christina Carter and Rashad Blanchard currently holding a job title with MERS such

as they were in 2010 and if so what job titles?
**ANSWER:**

Objection. Request is vague, ambiguous, and terms are not defined. It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Some or all of the information requested is confidential, and/or proprietary. Additionally, Plaintiff lacks standing to challenge transfers of the note and mortgage, specifically the assignment of mortgage as he is neither a party to nor third-party beneficiary of the assignment of mortgage. In support of its objection, Defendant directs Plaintiff to following cases:

See *Bank of Am. Nat. Ass'n v. Bassman FBT, L.L.C.,*; — N.E.2d ——, 2012 IL App (2d) 110729; *In re Smoak,* 461 B.R. 510, 519 (Bankr.S.D.Ohio 2011); *Correia v. Deutsche Bank National Trust Co.,* 452 B.R. 319, 324–25 (1st Cir. BAP 2011) (*per curiam* ); *Livonia Property Holdings, L.L.C. v. 12840–12976 Farmington Road Holdings, L.L.C.,* 717 F.Supp.2d 724, 735–37 (E.D.Mich.2010); *Liu v. T & H Machine, Inc.,* 191 F.3d 790, 797–98 (7th Cir.1999) (applying Illinois law); See also *Schieroni v. Deutsche Bank National Trust Co.,* No. H–10–663, 2011 WL 3652194, *6 (S.D.Tex. Aug.18, 2011) ("Courts considering similar allegations have concluded that mortgage debtors lacked standing to challenge the chain of title under the contracts by which the assignments were allegedly made. When, as here, the borrowers are not parties to the assignment contracts, courts decline to find that an attempted foreclosure is invalid or otherwise grant relief."); *Velasco v. Security National Mortgage Co.,* 823 F.Supp.2d 1061, 1067 (D.Haw.2011) ("Indeed, the prevailing rule is that, barring third-party beneficiary status, a litigant lacks standing to attack an assignment to which he or she is not a party").

NO 4: Describe what proof Defendant has of the date, by day, month and year, Plaintiff's mortgage or note or both were pooled into the Morgan Stanley ABS Capital I Inc. Trust 2005-HE3 Mortgage Pass-Through Certificates, Series 2005-HE3.
**ANSWER:**

Objection. Request is vague, ambiguous, and terms are not defined. It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Some or all of the information requested is confidential, and/or proprietary. Additionally, Plaintiff lacks standing to challenge transfers of the note and mortgage, and the pooling of any such note or mortgage because he is neither a party to nor third-party beneficiary of trust agreement. In support of its objection, Defendant directs Plaintiff to following cases:

See *Bank of Am. Nat. Ass'n v. Bassman FBT, L.L.C.,*; — N.E.2d ——, 2012 IL App (2d) 110729; *In re Smoak,* 461 B.R. 510, 519 (Bankr.S.D.Ohio 2011); *Correia v. Deutsche Bank National Trust Co.,* 452 B.R. 319, 324–25 (1st Cir. BAP 2011) (*per curiam* ); *Livonia Property Holdings, L.L.C. v. 12840–12976 Farmington Road Holdings, L.L.C.,* 717 F.Supp.2d 724, 735–37 (E.D.Mich.2010); *Liu v. T & H Machine, Inc.,* 191 F.3d 790, 797–98 (7th Cir.1999) (applying Illinois law); See also *Schieroni v. Deutsche Bank National Trust Co.,* No. H–10–663, 2011 WL 3652194, *6 (S.D.Tex. Aug.18, 2011) ("Courts considering similar allegations have concluded that mortgage debtors lacked standing to challenge the chain of title under the contracts by which the assignments were allegedly made. When, as here, the borrowers are not parties to the assignment contracts, courts decline to find that an attempted foreclosure is invalid or otherwise grant relief."); *Velasco v. Security National Mortgage Co.,* 823 F.Supp.2d 1061, 1067

(D.Haw.2011) ("Indeed, the prevailing rule is that, barring third-party beneficiary status, a litigant lacks standing to attack an assignment to which he or she is not a party").

Without waiving the above objections; MERS lacks suck knowledge because it is not the trust which Plaintiff references.

NO 5: Name a person who is an employee, not with a power of attorney, of MERS available for deposition in this case with knowledge of the loan and its assignment and policies and procedures at MERS regarding assignments and physical delivery of promissory notes to the assignee in this case.
**ANSWER:**

MERS has not identified said employee at this time as Defendant's investigation is still ongoing. Defendant shall supplement this Answer with the information requested as soon as it is available. MERS reserves all objections for the information sought from said deponent and is responding to this Interrogatory only regarding the identity of any such deponent.

NO 6: Describe the policy of Plaintiff regarding document retention regarding original mortgages and promissory notes prior to and during the pooling of said documents into a trust agreement such as the one which is relevant in this lawsuit.
**ANSWER:**

The foregoing assumes Plaintiff meant "Defendant" in the above Interrogatory. Objection. Request is vague, ambiguous, and terms are not defined. It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Some or all of the information requested is confidential, and/or proprietary. Additionally, Plaintiff lacks standing to challenge transfers of the note and mortgage, specifically the assignment of mortgage as he is neither a party to nor third-party beneficiary of the assignment of mortgage. In support of its objection, Defendant directs Plaintiff to following cases:

See *Bank of Am. Nat. Ass'n v. Bassman FBT, L.L.C.*,; — N.E.2d —-, 2012 IL App (2d) 110729; *In re Smoak*, 461 B.R. 510, 519 (Bankr.S.D.Ohio 2011); *Correia v. Deutsche Bank National Trust Co.*, 452 B.R. 319, 324–25 (1st Cir. BAP 2011) (*per curiam* ); *Livonia Property Holdings, L.L.C. v. 12840–12976 Farmington Road Holdings, L.L.C.*, 717 F.Supp.2d 724, 735–37 (E.D.Mich.2010); *Liu v. T & H Machine, Inc.*, 191 F.3d 790, 797–98 (7th Cir.1999) (applying Illinois law); See also *Schieroni v. Deutsche Bank National Trust Co.*, No. H–10–663, 2011 WL 3652194, *6 (S.D.Tex. Aug.18, 2011) ("Courts considering similar allegations have concluded that mortgage debtors lacked standing to challenge the chain of title under the contracts by which the assignments were allegedly made. When, as here, the borrowers are not parties to the assignment contracts, courts decline to find that an attempted foreclosure is invalid or otherwise grant relief."); *Velasco v. Security National Mortgage Co.*, 823 F.Supp.2d 1061, 1067 (D.Haw.2011) ("Indeed, the prevailing rule is that, barring third-party beneficiary status, a litigant lacks standing to attack an assignment to which he or she is not a party").

Without waiving said objections, MERS does not possess the original mortgages in which it is the mortgagee. Typically (but not always), original documents are possessed by the servicer for safekeeping.

NO.7: Describe the legal relationship between MERS and OCWEN.
**ANSWER:**

Objection. Request is vague, ambiguous, and terms are not defined. Defendant is unsure what Plaintiff means by "legal relationship." This interrogatory also seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

NO 8: Describe the legal relationship between MERS and Cory Messer ofOcwen.
**ANSWER:**

Objection. Request is vague, ambiguous, and terms are not defined. Defendant is unsure what Plaintiff means by "legal relationship." This interrogatory also seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

NO. 9: Did MERS possess an agency agreement in writing with Decision One Mortgage regarding its powers to assign mortgages as a nominee for the lender?
**ANSWER:**

Objection. Request is vague, ambiguous, and terms are not defined. It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Some or all of the information requested is confidential, and/or proprietary. Additionally, Plaintiff lacks standing to challenge any agreement between MERS and Decision One Mortgage as he is neither a party to nor third-party beneficiary of any said agreement. In support of its objection, Defendant directs Plaintiff to following cases:

See *Bank of Am. Nat. Ass'n v. Bassman FBT, L.L.C.*; --- N.E.2d ----, 2012 IL App (2d) 110729; *In re Smoak*, 461 B.R. 510, 519 (Bankr.S.D.Ohio 2011); *Correia v. Deutsche Bank National Trust Co.*, 452 B.R. 319, 324–25 (1st Cir. BAP 2011) (*per curiam* ); *Livonia Property Holdings, L.L.C. v. 12840–12976 Farmington Road Holdings, L.L.C.*, 717 F.Supp.2d 724, 735–37 (E.D.Mich.2010); *Liu v. T & H Machine, Inc.*, 191 F.3d 790, 797–98 (7th Cir.1999) (applying Illinois law); See also *Schieroni v. Deutsche Bank National Trust Co.*, No. H–10–663, 2011 WL 3652194, *6 (S.D.Tex. Aug.18, 2011) ("Courts considering similar allegations have concluded that mortgage debtors lacked standing to challenge the chain of title under the contracts by which the assignments were allegedly made. When, as here, the borrowers are not parties to the assignment contracts, courts decline to find that an attempted foreclosure is invalid or otherwise grant relief."); *Velasco v. Security National Mortgage Co.*, 823 F.Supp.2d 1061, 1067 (D.Haw.2011) ("Indeed, the prevailing rule is that, barring third-party beneficiary status, a litigant lacks standing to attack an assignment to which he or she is not a party").

Without waiving said objections, Plaintiff agreed to and acknowledged that MERS may hold the mortgagee as nominee for lender Decision One Mortgage when he signed the mortgage agreement at the subject of this lawsuit. Regardless of any agreement between MERS and Decision One Mortgage, Plaintiff granted MERS the authority to hold the mortgage by his agreement.

NO. 10: What authority does MERS possess to assign promissory notes as distinct from mortgages?
**ANSWER:**

Objection. Request is vague, ambiguous, and terms are not defined. Defendant is unsure what Plaintiff means by "authority." It also seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, MERS does not assign promissory notes. MERS only assigns mortgages. Additionally, Plaintiff agreed to and acknowledged that MERS may hold the mortgagee as nominee for lender Decision One Mortgage when he signed the mortgage agreement at the subject of this lawsuit separate from the holder of the promissory note (which he also signed). Any such authority that the mortgage and promissory note be split came from Plaintiff when he executed the mortgage and promissory note.

NO. 11: What consideration was paid by or to MERS in any contract whereby MERS obtained its powers in this case?
ANSWER:

Objection. Request is vague, ambiguous, and terms are not defined. It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Some or all of the information requested is confidential, and/or proprietary. Additionally, Plaintiff lacks standing to challenge any contract between MERS and other party as he is neither a party to nor third-party beneficiary of any said agreement. In support of its objection, Defendant directs Plaintiff to following cases:

See *Bank of Am. Nat. Ass'n v. Bassman FBT, L.L.C.,*; — N.E.2d —, 2012 IL App (2d) 110729; *In re Smoak,* 461 B.R. 510, 519 (Bankr.S.D.Ohio 2011); *Correia v. Deutsche Bank National Trust Co.,* 452 B.R. 319, 324–25 (1st Cir. BAP 2011) (*per curiam* ); *Livonia Property Holdings, L.L.C. v. 12840–12976 Farmington Road Holdings, L.L.C.,* 717 F.Supp.2d 724, 735–37 (E.D.Mich.2010); *Liu v. T & H Machine, Inc.,* 191 F.3d 790, 797–98 (7th Cir.1999) (applying Illinois law); See also *Schieroni v. Deutsche Bank National Trust Co.,* No. H–10–663, 2011 WL 3652194, *6 (S.D.Tex. Aug.18, 2011) ("Courts considering similar allegations have concluded that mortgage debtors lacked standing to challenge the chain of title under the contracts by which the assignments were allegedly made. When, as here, the borrowers are not parties to the assignment contracts, courts decline to find that an attempted foreclosure is invalid or otherwise grant relief."); *Velasco v. Security National Mortgage Co.,* 823 F.Supp.2d 1061, 1067 (D.Haw.2011) ("Indeed, the prevailing rule is that, barring third-party beneficiary status, a litigant lacks standing to attack an assignment to which he or she is not a party").

NO. 12: What date was the assignment of mortgage recorded in Cook County Illinois at the Cook County Recorder of Deeds?
ANSWER:

For purposes of answering this Interrogatory, Defendant assumes Plaintiff means the assignment for the mortgage at issue in this matter. February 4, 2011.

NO. 13: What were the dates Christina Carter held the title Vice President of MERS?
ANSWER:

Objection. Request is vague, ambiguous, and terms are not defined. It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Some or all of the information requested is confidential, and/or proprietary.

Additionally, Plaintiff lacks standing to challenge transfers of the note and mortgage, specifically the assignment of mortgage as he is neither a party to nor third-party beneficiary of the assignment of mortgage. In support of its objection, Defendant directs Plaintiff to following cases:

See *Bank of Am. Nat. Ass'n v. Bassman FBT, L.L.C.,*; --- N.E.2d ----, 2012 IL App (2d) 110729; *In re Smoak,* 461 B.R. 510, 519 (Bankr.S.D.Ohio 2011); *Correia v. Deutsche Bank National Trust Co.,* 452 B.R. 319, 324-25 (1st Cir. BAP 2011) (*per curiam* ); *Livonia Property Holdings, L.L.C. v. 12840–12976 Farmington Road Holdings, L.L.C.,* 717 F.Supp.2d 724, 735–37 (E.D.Mich.2010); *Liu v. T & H Machine, Inc.,* 191 F.3d 790, 797–98 (7th Cir.1999) (applying Illinois law); See also *Schieroni v. Deutsche Bank National Trust Co.,* No. H–10–663, 2011 WL 3652194, *6 (S.D.Tex. Aug.18, 2011) ("Courts considering similar allegations have concluded that mortgage debtors lacked standing to challenge the chain of title under the contracts by which the assignments were allegedly made. When, as here, the borrowers are not parties to the assignment contracts, courts decline to find that an attempted foreclosure is invalid or otherwise grant relief."); *Velasco v. Security National Mortgage Co.,* 823 F.Supp.2d 1061, 1067 (D.Haw.2011) ("Indeed, the prevailing rule is that, barring third-party beneficiary status, a litigant lacks standing to attack an assignment to which he or she is not a party").

NO. 14: Was Rdtrik D. Baker holding a title at MERS before his death?
**ANSWER:**

Objection. Request is vague, ambiguous, and terms are not defined. It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, and based on an assumption that Plaintiff means the "Edtrik D. Baker" referenced in his Complaint, no.

Respectfully Submitted,
Morris, Laing, Evans, Brock & Kennedy Chtd.

*/s/ Justin F. Carter*
Justin F. Carter (23358)
Morris, Laing, Evans, Brock & Kennedy, Chtd.
1 E. Wacker Drive
Suite 2500
Chicago, IL 60601
P: 316-383-6492
F: 316-383-6592
jcarter@morrislaing.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HERBERT ELESH, | ) | |
| | ) | Case No. 12-cv-10355 |
| Plaintiff, | ) | Hon. Matthew Kennelly |
| | ) | |
| v. | ) | |
| | ) | Removed from Cook County |
| | ) | Circuit Court |
| MORTGAGE ELECTRONIC | ) | Case No. 12CH42187 |
| REGISTRATION SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COMES Defendant, Mortgage Electronic Registration Systems, Inc. ("MERS") and hereby responds to Plaintiff Herbert N. Elesh's ("Elesh") First Set of Request for Production of Documents:

REQUEST NO. 1: All documents in Defendant's possession which established an agency relationship between the Lender and MERS in this transaction.

 A. Copies of all contracts, documents and agreements, notes and memoranda and records between MERS and the Lender which concern the note and mortgage that are the subject of this action;

 B. Copies of all receipts for payments by any bank or investor received by the Defendant for the original promissory note and mortgage.

**RESPONSE:**
Objection. Request is vague, ambiguous, and terms are not defined. It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Some or all of the information requested is confidential, and/or proprietary. Additionally, Plaintiff lacks standing to challenge transfers of the note and mortgage any contract between MERS and a 3rd party as he is neither a party to nor third-party beneficiary of the documents. In support of its objection, Defendant directs Plaintiff to following cases:

See *Bank of Am. Nat. Ass'n v. Bassman FBT, L.L.C.*; — N.E.2d —, 2012 IL App (2d) 110729; *In re Smoak*, 461 B.R. 510, 519 (Bankr.S.D.Ohio 2011); *Correia v. Deutsche Bank National*

*Trust Co.*, 452 B.R. 319, 324–25 (1st Cir. BAP 2011) (*per curiam* ); *Livonia Property Holdings, L.L.C. v. 12840–12976 Farmington Road Holdings, L.L.C.*, 717 F.Supp.2d 724, 735–37 (E.D.Mich.2010); *Liu v. T & H Machine, Inc.*, 191 F.3d 790, 797–98 (7th Cir.1999) (applying Illinois law); See also *Schieroni v. Deutsche Bank National Trust Co.*, No. H–10–663, 2011 WL 3652194, *6 (S.D.Tex. Aug.18, 2011) ("Courts considering similar allegations have concluded that mortgage debtors lacked standing to challenge the chain of title under the contracts by which the assignments were allegedly made. When, as here, the borrowers are not parties to the assignment contracts, courts decline to find that an attempted foreclosure is invalid or otherwise grant relief."); *Velasco v. Security National Mortgage Co.*, 823 F.Supp.2d 1061, 1067 (D.Haw.2011) ("Indeed, the prevailing rule is that, barring third-party beneficiary status, a litigant lacks standing to attack an assignment to which he or she is not a party").

Without waiving said objections, please find attached the subject mortgage in which Plaintiff granted and authorized MERS as the mortgage holder.

REQUEST NO 2: A list of the current employees and job titles of MERS.

**RESPONSE:**

Objection. Request is vague, ambiguous, and terms are not defined. It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. It is also burdensome as the information sought is unreasonably cumulative.

REQUEST NO 3: A list of employees or those with a title at MERS, such as Vice President, available for deposition in this case.

**RESPONSE:**

Objection. Request is vague, ambiguous, and terms are not defined. It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. It is also burdensome as the information sought is unreasonably cumulative.

REQUEST NO. 4: A power of attorney or any document authorizing MERS to act as nominee for Lender in this matter.

**RESPONSE:**

Objection. Request is vague, ambiguous, and terms are not defined. It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Some or all of the information requested is confidential, and/or proprietary. Additionally, Plaintiff lacks standing to challenge transfers of the note and mortgage any contract between MERS and a 3rd party as he is neither a party to nor third-party beneficiary of the documents. In support of its objection, Defendant directs Plaintiff to following cases:

See *Bank of Am. Nat. Ass'n v. Bassman FBT, L.L.C.*,; —– N.E.2d —–, 2012 IL App (2d) 110729; *In re Smoak*, 461 B.R. 510, 519 (Bankr.S.D.Ohio 2011); *Correia v. Deutsche Bank National Trust Co.*, 452 B.R. 319, 324–25 (1st Cir. BAP 2011) (*per curiam* ); *Livonia Property Holdings,*

*L.L.C. v. 12840–12976 Farmington Road Holdings, L.L.C.*, 717 F.Supp.2d 724, 735–37 (E.D.Mich.2010); *Liu v. T & H Machine, Inc.*, 191 F.3d 790, 797–98 (7th Cir.1999) (applying Illinois law); See also *Schieroni v. Deutsche Bank National Trust Co.*, No. H–10–663, 2011 WL 3652194, *6 (S.D.Tex. Aug.18, 2011) ("Courts considering similar allegations have concluded that mortgage debtors lacked standing to challenge the chain of title under the contracts by which the assignments were allegedly made. When, as here, the borrowers are not parties to the assignment contracts, courts decline to find that an attempted foreclosure is invalid or otherwise grant relief."); *Velasco v. Security National Mortgage Co.*, 823 F.Supp.2d 1061, 1067 (D.Haw.2011) ("Indeed, the prevailing rule is that, barring third-party beneficiary status, a litigant lacks standing to attack an assignment to which he or she is not a party").

Without waiving said objections, please find attached the subject mortgage in which Plaintiff granted and authorized MERS to act as nominee for the Lender.

REQUEST NO.5: Any proof of ownership of the loan or Note provided to MERS from Deutsche Bank Trust Company regarding 1531 N. Windsor Dr. #311 Arlington Heights, IL 60004.

**RESPONSE:**
Objection. Request is vague, ambiguous, and terms are not defined. It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, please find attached a copy of the promissory note endorsed in blank.

REQUEST NO. 6: Any document establishing a fiduciary relationship between MERS and Deutsche Bank Trust Company made prior to the assignment of mortgage in this matter.

**RESPONSE:**
Objection. Request is vague, ambiguous, and terms are not defined. MERS is unsure what Plaintiff means by "fiduciary relationship." It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiff lacks standing to challenge transfers of the note and mortgage any contract between MERS and a 3rd party as he is neither a party to nor third-party beneficiary of the documents. In support of its objection, Defendant directs Plaintiff to following cases:

See *Bank of Am. Nat. Ass'n v. Bassman FBT, L.L.C.*; — N.E.2d ——, 2012 IL App (2d) 110729; *In re Smoak*, 461 B.R. 510, 519 (Bankr.S.D.Ohio 2011); *Correia v. Deutsche Bank National Trust Co.*, 452 B.R. 319, 324–25 (1st Cir. BAP 2011) (*per curiam* ); *Livonia Property Holdings, L.L.C. v. 12840–12976 Farmington Road Holdings, L.L.C.*, 717 F.Supp.2d 724, 735–37 (E.D.Mich.2010); *Liu v. T & H Machine, Inc.*, 191 F.3d 790, 797–98 (7th Cir.1999) (applying Illinois law); See also *Schieroni v. Deutsche Bank National Trust Co.*, No. H–10–663, 2011 WL 3652194, *6 (S.D.Tex. Aug.18, 2011) ("Courts considering similar allegations have concluded that mortgage debtors lacked standing to challenge the chain of title under the contracts by which the assignments were allegedly made. When, as here, the borrowers are not parties to the assignment contracts, courts decline to find that an attempted foreclosure is invalid or otherwise

grant relief."); *Velasco v. Security National Mortgage Co.*, 823 F.Supp.2d 1061, 1067 (D.Haw.2011) ("Indeed, the prevailing rule is that, barring third-party beneficiary status, a litigant lacks standing to attack an assignment to which he or she is not a party").

REQUEST NO 7: Any document authorizing MERS to do anything regarding the assignment of mortgage in this matter.

**RESPONSE:**
Objection. Request is vague, ambiguous, and terms are not defined. It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, please find attached a copy of the mortgage executed by Plaintiff.

Respectfully Submitted,
Morris, Laing, Evans, Brock & Kennedy Chtd.

*/s/ Justin F. Carter*
Justin F. Carter (23358)
Morris, Laing, Evans, Brock & Kennedy, Chtd.
1 E. Wacker Drive
Suite 2500
Chicago, IL 60601
P: 316-383-6492
F: 316-383-6592
jcarter@morrislaing.com

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| HERBERT ELESH, | ) | |
| | ) | Case No. 12-cv-10355 |
| Plaintiff, | ) | Hon. Matthew Kennelly |
| | ) | |
| v. | ) | |
| | ) | Removed from Cook County |
| | ) | Circuit Court |
| MORTGAGE ELECTRONIC | ) | Case No. 12CH42187 |
| REGISTRATION SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR ADMISSIONS

NOW COMES Defendant, Mortgage Electronic Registration Systems, Inc. ("MERS") and hereby responds to Plaintiff Herbert N. Elesh's ("Elesh") Request to Admit as follows:

1. Defendant does not possess the original promissory note which is the subject of this action.

    **RESPONSE:** Admit.

2. The original lender in this cause of action was Decision One Mortgage Corporation.

    **RESPONSE:** Objection. Request is vague, ambiguous, and terms are not defined. MERS is unsure what Plaintiff means by cause of action. Without waiving said objections, and based on a review of the mortgage referenced in Plaintiff's Complaint, Admit.

3. No consideration was paid to or by MERS for the rights to assign the mortgage in this action.

    **RESPONSE:** Objection. Request is vague, ambiguous, and terms are not defined. It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Some or all of the information requested is confidential, and/or proprietary. Additionally, Plaintiff lacks standing to challenge any contract between MERS and other party as he is neither a party to nor third-party

beneficiary of any said agreement. In support of its objection, Defendant directs Plaintiff to following cases:

See *Bank of Am. Nat. Ass'n v. Bassman FBT, L.L.C.,*; — N.E.2d —, 2012 IL App (2d) 110729; *In re Smoak,* 461 B.R. 510, 519 (Bankr.S.D.Ohio 2011); *Correia v. Deutsche Bank National Trust Co.,* 452 B.R. 319, 324–25 (1st Cir. BAP 2011) (*per curiam* ); *Livonia Property Holdings, L.L.C. v. 12840–12976 Farmington Road Holdings, L.L.C.,* 717 F.Supp.2d 724, 735–37 (E.D.Mich.2010); *Liu v. T & H Machine, Inc.,* 191 F.3d 790, 797–98 (7th Cir.1999) (applying Illinois law); See also *Schieroni v. Deutsche Bank National Trust Co.,* No. H–10–663, 2011 WL 3652194, *6 (S.D.Tex. Aug.18, 2011) ("Courts considering similar allegations have concluded that mortgage debtors lacked standing to challenge the chain of title under the contracts by which the assignments were allegedly made. When, as here, the borrowers are not parties to the assignment contracts, courts decline to find that an attempted foreclosure is invalid or otherwise grant relief."); *Velasco v. Security National Mortgage Co.,* 823 F.Supp.2d 1061, 1067 (D.Haw.2011) ("Indeed, the prevailing rule is that, barring third-party beneficiary status, a litigant lacks standing to attack an assignment to which he or she is not a party").

4.   No agency agreement exists or existed between MERS and Decision One Mortgage authorizing assignments of promissory Notes.

**RESPONSE:** Objection. Request is vague, ambiguous, and terms are not defined. It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiff lacks standing to challenge any contract between MERS and other party as he is neither a party to nor third-party beneficiary of any said agreement. In support of its objection, Defendant directs Plaintiff to following cases:

See *Bank of Am. Nat. Ass'n v. Bassman FBT, L.L.C.,*; — N.E.2d —, 2012 IL App (2d) 110729; *In re Smoak,* 461 B.R. 510, 519 (Bankr.S.D.Ohio 2011); *Correia v. Deutsche Bank National Trust Co.,* 452 B.R. 319, 324–25 (1st Cir. BAP 2011) (*per curiam* ); *Livonia Property Holdings, L.L.C. v. 12840–12976 Farmington Road Holdings, L.L.C.,* 717 F.Supp.2d 724, 735–37 (E.D.Mich.2010); *Liu v. T & H Machine, Inc.,* 191 F.3d 790, 797–98 (7th Cir.1999) (applying Illinois law); See also *Schieroni v. Deutsche Bank National Trust Co.,* No. H–10–663, 2011 WL 3652194, *6 (S.D.Tex. Aug.18, 2011) ("Courts considering similar allegations have concluded that mortgage debtors lacked standing to challenge the chain of title under the contracts by which the assignments were allegedly made. When, as here, the borrowers are not parties to the assignment contracts, courts decline to find that an attempted foreclosure is invalid or otherwise grant relief."); *Velasco v. Security National Mortgage Co.,* 823 F.Supp.2d 1061, 1067 (D.Haw.2011) ("Indeed, the prevailing rule is that, barring third-party beneficiary status, a litigant lacks standing to attack an assignment to which he or she is not a party").

5.   No agency agreement exists or existed between MERS and Decision One Mortgage Corporation authorizing the assignment of mortgages.

**RESPONSE:** Objection. Request is vague, ambiguous, and terms are not defined. It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiff lacks standing to challenge any contract between MERS and other party as he is neither a party to nor third-party beneficiary of any said agreement. In support of its objection, Defendant directs Plaintiff to following cases:

See *Bank of Am. Nat. Ass'n v. Bassman FBT, L.L.C.,*; — N.E.2d ——, 2012 IL App (2d) 110729; *In re Smoak,* 461 B.R. 510, 519 (Bankr.S.D.Ohio 2011); *Correia v. Deutsche Bank National Trust Co.,* 452 B.R. 319, 324–25 (1st Cir. BAP 2011) (*per curiam* ); *Livonia Property Holdings, L.L.C. v. 12840–12976 Farmington Road Holdings, L.L.C.,* 717 F.Supp.2d 724, 735–37 (E.D.Mich.2010); *Liu v. T & H Machine, Inc.,* 191 F.3d 790, 797–98 (7th Cir.1999) (applying Illinois law); See also *Schieroni v. Deutsche Bank National Trust Co.,* No. H–10–663, 2011 WL 3652194, *6 (S.D.Tex. Aug.18, 2011) ("Courts considering similar allegations have concluded that mortgage debtors lacked standing to challenge the chain of title under the contracts by which the assignments were allegedly made. When, as here, the borrowers are not parties to the assignment contracts, courts decline to find that an attempted foreclosure is invalid or otherwise grant relief."); *Velasco v. Security National Mortgage Co.,* 823 F.Supp.2d 1061, 1067 (D.Haw.2011) ("Indeed, the prevailing rule is that, barring third-party beneficiary status, a litigant lacks standing to attack an assignment to which he or she is not a party").

6.      The Promissory Note and Mortgage were separated by the lender in this action.

**RESPONSE:** Objection. Request is vague, ambiguous, and terms are not defined. MERS is unsure what Plaintiff means by "separated" and "lender." It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

7.      The mortgage in this cause of action was not created in unity with the Note it purported to secure.

**RESPONSE:** Objection. Request is vague, ambiguous, and terms are not defined. MERS is unsure what Plaintiff means by "created in unity." It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

8.      The mortgage instrument in this matter did not create an agency relationship between MERS and Decision One Mortgage Corporation.

**RESPONSE:** Objection. Request is vague, ambiguous, and terms are not defined. MERS is unsure what Plaintiff means by "agency." It also asks seeks information as to a

legal conclusion. It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

9.     MERS was not a party to the mortgage in this matter.

**RESPONSE:** Objection. Request is vague, ambiguous, and terms are not defined. MERS is unsure what Plaintiff means by "party." Without waiving said objections, and assuming Plaintiff is saying that MERS never held an interest in the mortgage referenced in his Complaint, Denied.

10.    MERS granted no consideration for taking a real property interest in this matter.

**RESPONSE:** Objection. Request is vague, ambiguous, and terms are not defined. It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiff lacks standing to challenge any contract between MERS and other party as he is neither a party to nor third-party beneficiary of any said agreement. In support of its objection, Defendant directs Plaintiff to following cases:

See *Bank of Am. Nat. Ass'n v. Bassman FBT, L.L.C.,*; — N.E.2d —, 2012 IL App (2d) 110729; *In re Smoak,* 461 B.R. 510, 519 (Bankr.S.D.Ohio 2011); *Correia v. Deutsche Bank National Trust Co.,* 452 B.R. 319, 324–25 (1st Cir. BAP 2011) (*per curiam* ); *Livonia Property Holdings, L.L.C. v. 12840–12976 Farmington Road Holdings, L.L.C.,* 717 F.Supp.2d 724, 735–37 (E.D.Mich.2010); *Liu v. T & H Machine, Inc.,* 191 F.3d 790, 797–98 (7th Cir.1999) (applying Illinois law); See also *Schieroni v. Deutsche Bank National Trust Co.,* No. H–10–663, 2011 WL 3652194, *6 (S.D.Tex. Aug.18, 2011) ("Courts considering similar allegations have concluded that mortgage debtors lacked standing to challenge the chain of title under the contracts by which the assignments were allegedly made. When, as here, the borrowers are not parties to the assignment contracts, courts decline to find that an attempted foreclosure is invalid or otherwise grant relief."); *Velasco v. Security National Mortgage Co.,* 823 F.Supp.2d 1061, 1067 (D.Haw.2011) ("Indeed, the prevailing rule is that, barring third-party beneficiary status, a litigant lacks standing to attack an assignment to which he or she is not a party").

11.    MERS was not an agent of the Lender in this matter.

**RESPONSE:** Objection. Request is vague, ambiguous, and terms are not defined. It seeks a legal conclusion. It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiff lacks standing to challenge any contract between MERS and other party as he is neither a party to nor third-party beneficiary of any said agreement. In support of its objection, Defendant directs Plaintiff to following cases:

See *Bank of Am. Nat. Ass'n v. Bassman FBT, L.L.C.,*; — N.E.2d —, 2012 IL App (2d)
110729; *In re Smoak,* 461 B.R. 510, 519 (Bankr.S.D.Ohio 2011); *Correia v. Deutsche
Bank National Trust Co.,* 452 B.R. 319, 324–25 (1st Cir. BAP 2011) (*per curiam* );
*Livonia Property Holdings, L.L.C. v. 12840–12976 Farmington Road Holdings, L.L.C.,*
717 F.Supp.2d 724, 735–37 (E.D.Mich.2010); *Liu v. T & H Machine, Inc.,* 191 F.3d 790,
797–98 (7th Cir.1999) (applying Illinois law); See also *Schieroni v. Deutsche Bank
National Trust Co.,* No. H–10–663, 2011 WL 3652194, *6 (S.D.Tex. Aug.18, 2011)
("Courts considering similar allegations have concluded that mortgage debtors lacked
standing to challenge the chain of title under the contracts by which the assignments were
allegedly made. When, as here, the borrowers are not parties to the assignment contracts,
courts decline to find that an attempted foreclosure is invalid or otherwise grant relief.");
*Velasco v. Security National Mortgage Co.,* 823 F.Supp.2d 1061, 1067 (D.Haw.2011)
("Indeed, the prevailing rule is that, barring third-party beneficiary status, a litigant lacks
standing to attack an assignment to which he or she is not a party").

12.  MERS did not sign the mortgage in this matter.

**RESPONSE:** Admit.

13.  MERS did not receive any real property interest prior to the Lender in this matter.

**RESPONSE:** Objection. Request is vague, ambiguous, and terms are not defined. It
seeks a legal conclusion. It seeks information not relevant to this action and not
reasonably calculated to lead to the discovery of admissible evidence. Without waiving
said objections, and assuming Plaintiff means MERS did not have any interest in the
subject property, denied.

14.  The property interest was created apart from the debt in this matter.

**RESPONSE:** Objection. Request is vague, ambiguous, and terms are not defined.
MERS is unsure what Plaintiff means by "property interest" and "apart from the debt."
It seeks information not relevant to this action and not reasonably calculated to lead to the
discovery of admissible evidence.

15.  MERS did not at any time since Petitioner signed the mortgage hold rights to the
indebtedness.

**RESPONSE:** Objection. Request is vague, ambiguous, and terms are not defined.
MERS is unsure what Plaintiff means by "hold rights to the indebtedness." It seeks
information not relevant to this action and not reasonably calculated to lead to the
discovery of admissible evidence.

16.    The mortgage instrument and the note were created independently in this matter.

**RESPONSE:** Objection. Request is vague, ambiguous, and terms are not defined. MERS is unsure what Plaintiff means by "created independently." It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

17.    The mortgage does not refer to an agency agreement between MERS and the Lender that would allow MERS to take a mortgage interest.

**RESPONSE:** Objection. Request is vague, ambiguous, and terms are not defined. MERS is unsure what Plaintiff means by "agency agreement" or "mortgage interest." It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Denied.

18.    No document has been offered to the mortgagor to justify MERS' authority to act as an agent of the Lender.

**RESPONSE:** Objection. Request is vague, ambiguous, and terms are not defined. MERS is unsure what Plaintiff means by "document" or "justify MERS' authority to act as an agent of Lender." Without waiving said objections, Denied.

19.    MERS was not the lender in this matter and can claim no interest over the value of the loan.

**RESPONSE:** Objection. Request is vague, ambiguous, and terms are not defined. MERS is unsure what Plaintiff means by "lender" and "claim no interest over the value of the loan." The Response also seeks two requests to admit. It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

20.    No mortgage interest passed to MERS after signature of the mortgage by mortgagor.

**RESPONSE:** Denied.

21.    The mortgage instrument was designed to make MERS the mortgagee.

**RESPONSE:** Admitted.

22. The assignment of mortgage signed by Christina Carter of MERS to Deutsche Bank Trust Company was prepared by a non-attorney named Cory Messer using a deceased member of the Florida Bar's attorney license number and the title of attorney on the Assignment of Mortgage.

**RESPONSE:** Objection. It seeks information not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiff lacks standing to challenge any assignment of mortgage as he is neither a party to nor third-party beneficiary of any said assignment. In support of its objection, Defendant directs Plaintiff to following cases:

See *Bank of Am. Nat. Ass'n v. Bassman FBT, L.L.C.,*; — N.E.2d —, 2012 IL App (2d) 110729; *In re Smoak,* 461 B.R. 510, 519 (Bankr.S.D.Ohio 2011); *Correia v. Deutsche Bank National Trust Co.,* 452 B.R. 319, 324–25 (1st Cir. BAP 2011) (*per curiam* ); *Livonia Property Holdings, L.L.C. v. 12840–12976 Farmington Road Holdings, L.L.C.,* 717 F.Supp.2d 724, 735–37 (E.D.Mich.2010); *Liu v. T & H Machine, Inc.,* 191 F.3d 790, 797–98 (7th Cir.1999) (applying Illinois law); See also *Schieroni v. Deutsche Bank National Trust Co.,* No. H–10–663, 2011 WL 3652194, *6 (S.D.Tex. Aug.18, 2011) ("Courts considering similar allegations have concluded that mortgage debtors lacked standing to challenge the chain of title under the contracts by which the assignments were allegedly made. When, as here, the borrowers are not parties to the assignment contracts, courts decline to find that an attempted foreclosure is invalid or otherwise grant relief."); *Velasco v. Security National Mortgage Co.,* 823 F.Supp.2d 1061, 1067 (D.Haw.2011) ("Indeed, the prevailing rule is that, barring third-party beneficiary status, a litigant lacks standing to attack an assignment to which he or she is not a party").

Without waiving said objection, Denied.

Respectfully Submitted,
Morris, Laing, Evans, Brock & Kennedy Chtd.


/s/ Justin F. Carter
Justin F. Carter (23358)
Morris, Laing, Evans, Brock & Kennedy, Chtd.
1 E. Wacker Drive
Suite 2500
Chicago, IL 60601
P: 316-383-6492
F: 316-383-6592
jcarter@morrislaing.com