IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERBERT ELESH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12 C 10355 |
| ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Herbert Elesh sued Mortgage Electronic Registration Systems, Inc. (MERS) in state court, seeking to remove a purported cloud on his title to certain property in Arlington Heights, Illinois. MERS removed the case to federal court based on diversity of citizenship. It then moved to dismiss Elesh's suit on several grounds. In this order, the Court deals with the first of those grounds, namely, MERS's contention that Elesh has failed to join a necessary party.

On March 4, 2005, Elesh executed a mortgage that, on its face, secured a note in the amount of $147,000 that he executed on the same date, payable to Decision One Mortgage Company, LLC. The mortgage stated that it was conveyed "to MERS (solely as nominee for Lender and Lender's successors and assigns)." In his complaint in this case, Elesh alleges that this language made the mortgage null and void on various grounds. He also alleges that a later assignment of the mortgage from MERS to Deutsche Bank National Trust Company was a "fraudulent document" and "has placed

a cloud on the title." Compl. ¶¶ 29-40. Elesh has not named Deutsche Bank as a defendant in this case. He alleges in his complaint, however, that Deutsche Bank has sued to foreclose on the mortgage, and he attaches a copy of the summons in the case, which is pending before Judge Ronald Guzman. See id. ¶ 40 & Ex. F. The mortgage foreclosure case is entitled *Deutsche Bank Nat'l Trust Co. v. Elesh*, Case No. 12 C 3644, and the docket reflects that it is still pending.

The first basis for dismissal argued by MERS is that Elesh has failed to join a necessary party, namely Deutsche Bank. Dismissal for failure to join a necessary party under Federal Rule of Civil Procedure 19 involves a two-step inquiry. The first question is whether the absent party is necessary, meaning that the party is one that should be joined if feasible. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001). In making this determination, a court considers whether complete relief can be accorded among the current parties absent joinder; whether the absent party's ability to protect its own interest will be impaired; and whether the existing parties will be subjected to the risk of inconsistent or multiple obligations absent joinder. *Id.; see* Fed. R. Civ. P. 19(a)(1). If the court concludes that the party should be joined but that it cannot be, the court must decide whether the litigation can proceed in that party's absence. *Davis Cos.,* 268 F.3d at 481.

There is no question that Deutsche Bank is a necessary party within the meaning of Rule 19(a)(1), for two reasons. First, in his complaint, Elesh specifically seeks a finding that the assignment of the mortgage to Deutsche Bank is void and an order to "cancel it, to remove [the] cloud on title and restore full legal title" to Elesh. Compl., Request for Relief ¶ F. Second, Illinois law is clear that an action to remove a cloud on

2

title "should join as parties all persons who may have a substantial interest therein and who will be materially affected by the decree." *Lakeview Trust & Sav. Bank v. Estrada*, 134 Ill. App. 3d 792, 812, 480 N.E.2d 1312, 1327 (1985). Deutsche Bank is such a party. Among other things, the Court cannot accord complete relief without Deutsche Bank being joined, and Deutsche Bank will be unable to protect its own interest if it is not a party.

Deutsche Bank's absence does not mean, however, that Elesh's suit must be dismissed. Rather, the question under Rule 19 is whether joinder of Deutsche Bank is feasible. Typically, joinder is considered infeasible if joinder would deprive the court of subject matter jurisdiction, such as by destroying complete diversity of citizenship, or if the court lacks personal jurisdiction over the absent party. *See Askew v. Sheriff of Cook County*, 568 F.3d 632, 635 (7th Cir. 2009). It does not appear that Deutsche Bank's joinder would destroy diversity; indeed, its mortgage foreclosure suit against Elesh is filed in this court based on diversity of citizenship. Nor does the Court see personal jurisdiction as a barrier, because the claim against Deutsche Bank would involve activity that it undertook touching upon property in this district (its receipt of the assignment of the mortgage), making it highly likely that Deutsche Bank invoked the protections and benefits of Illinois law in a way that would render it subject to suit here. But before ordering the addition of Deutsche Bank as a defendant, the Court will inquire of the parties regarding whether they have any basis to believe that it cannot appropriately be joined.

The Court defers consideration of the other arguments made by MERS in support of dismissal, for two reasons. First, Deutsche Bank should be permitted to

weigh in on those arguments before the Court rules on them. Second, once Deutsche Bank is added as a party, there is a very good chance that this case will be considered to be related to its mortgage foreclosure suit against Elesh, which is premised upon the same mortgage and assignment of mortgage that Elesh challenges in the present case. The Court notes that from its examination of the docket in the mortgage foreclosure case, there is a pending motion for summary judgment filed by Deutsche Bank in response to which Elesh makes the same contentions regarding the validity of those instruments that he advances in his complaint in the present case. It does not make much sense to have two different judges in the same court ruling on the same issues simultaneously.

## Conclusion

For the reasons stated above, the Court finds that Deutsche Bank, which is not named as a party in this case, is a necessary party. The Court defers further consideration of defendant's motion to dismiss pending determination of whether Deutsche Bank can be added as a party defendant and for the other reasons stated in the body of this decision.

                                              _____
                                              MATTHEW F. KENNELLY
                                              United States District Judge

Date: April 18, 2013

4