

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| HERBERT ELESH | ) |
|  | ) |
|  | ) No.  12-cv-10355 |
|  | ) Hon. Matthew Kennelly |
| Petitioner, | ) |
| v. | ) |
|  | ) |
| The Property: | ) |
| 1531 N. Windsor Dr. #311 | ) |
| Arlington Heights, IL 60004 | ) |
| Quasi In-Rem; | ) |
|  | ) |
| *and* | ) |
| MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEM, INC., | ) |
| a/k/a MERS, Inc. and | ) |
| DEUTSCHE BANK TRUST COMPANY | ) |
|  | ) |
| DEFENDANTS | ) |

**F I L E D**

**JUN 13 2013 JH**

THOMAS G. BRUTON
CLERK, U S. DISTRICT COURT

## AMENDED COMPLAINT TO DECLARE MORTGAGE VOID AND REMOVE CLOUD ON TITLE (QUIET TITLE)

NOW COMES Petitioner, HERBERT ELESH, PRO SE, and brings this Amended

Complaint with leave of Court granted on 06/12/2013 to amend the Complaint, to

remove cloud on title by an invalid mortgage instrument and quiet title as to that instrument

in Petitioner's name. HERBERT ELESH (Petitioner or Borrower) brings this quasi-in rem

action regarding the property located at: 1531 N. Windsor Dr. #311 Arlington Heights, IL

60004 (The Property).

## INTRODUCTION

1.     The Petitioner asks this Honorable Court to declare the mortgage void at its inception and

remove cloud on title because the mortgage was assigned to a separate and distinct entity from the Lender, without consideration and without the promissory Note. Petitioner holds title over the property in question, and requests this Court to find the Mortgage instrument void ab initio for defects at its creation, rendering it invalid and unenforceable, or, in the alternative, deem the defective instrument voidable and cancel the instrument as a mortgage without a Note is void.

2.      In its attempt to subvert future recording fees for transferring property interests, the Lender put forth a mortgage agreement purporting to secure a separate note (the note was supported by its own consideration and is not at issue in this matter). This separation was intended by the Lender, as evidenced by the mortgage put forth by the Lender, for the purpose of avoiding future recording fees the Lender would be required to pay if it were to validly accept the mortgage as mortgagee. See In re: Mortgage Elec. Registration Sys. (MERS) Litig., 659 F.Supp.2d 1368, 2009 WL 4755688 (U.S.Jud.Pan.Mult.Lit.) MDL 2119, (Dec. 7, 2009).

3.      The mortgage purported to grant legal title to Mortgage Electronic Registration Systems, Inc., a/k/a MERS (hereafter MERS) as "mortgagee" and "solely as nominee" for the Lender. Petitioner asserts that this language on the mortgage, which was signed unilaterally by the Petitioner, created an instrument null and void at its inception because it failed from creation to be created in unity with the note it purported to secure and thus failed to properly secure the note, as explained infra. Moreover, Defendant Deutsche Bank did not hold the Note and was only assigned a mortgage.

4.      As a separate instrument purporting to grant a property interest to a separate entity as mortgagee, the mortgage instrument also fails for lack of consideration and for multiple failures of contract law principles.

5.      Further, the mortgage instrument purported to grant a property interest in MERS, as

mortgagee or some form of agent of the Lender, without evidence of a proper agency agreement, in violation of the statute of frauds. The mortgage instrument itself cannot create that agency between two parties that were not a party to the instrument, as explained below.

6.      No principles of contract law could have effected a valid assignment, either, because MERS was not a party to the mortgage and granted no consideration for taking a real property interest, and MERS could not have intended such when it was not even aware of the mortgage at the time of its creation.

7.      Because this mortgage was created without any unity with the note it supposedly secured, and could not possibly effect any valid assignment of the mortgage from the Lender to MERS, the instrument failed to create a valid security interest for the note, failed to create any rights in MERS, and exists as a nullity.  See Illinois State Bar Ass'n Mut. Ins. Co. V. Coregis Ins. Co., 355 Ill. App. 3d 156, 164 (2004) (Contracts containing illegal subject matter or invloving parties that exceed their authority are void, not voidable). The Petitioner requests that this Court declare the mortgage to be void ab initio, or cancel the instrument for creating no tangible rights in MERS, and remove any cloud on title that the defective mortgage provides.

## JURISDICTION

This action is properly filed with the Circuit Court pursuant to Ill. Const. Art. VI, Section 9 and IL ST CH 735 Section 5/2-701. Venue is appropriate pursuant to IL ST CH 735 Section 5/2-101.

## STATEMENT OF FACTS

8.      The subject of this action is the property located at 1531 N. Windsor Dr. #311 Arlington

Heights, IL 60004. The Mortgage instrument for the Property recorded on or about March 22,

2005, in the Cook County Recorder's Office as Document No. 0508120066.

9.    The named parties re:

    a.    Herbert Elesh, 1659 Winnetka Rd. Glenview IL 60025.

    B.    Defendant Mortgage Electronic Registration Systems, Inc., a/k/a MERS Inc.

        at P.O. Box 2026, Flint, MI 28501-2026. MERS is listed in the Mortgage

        instrument as the beneficiary and mortgagee of record, and it regularly conducts

        business in Illinois.

10.    On or about March 4, 2005 Petitioner executed a document titled "Mortgage

instrument (Exhibit A). No Defendant or other person or entity signed the instrument.

11.    The document identified itself as a "Security Instrument" and was presented to

the Borrower for execution at the closing on the note related to the Property. This document

purports to create a security interest in favor of MERS Inc., a separate corporation with

no entitlement under the note as "mortgagee." MERS did not convey a Note or deliver a

Note to Deutsche Bank it only assigned a mortgage; Deutsche Bank was never a holder of

the original promissory Note.

**PETITIONER'S ALLEGATIONS**

**COUNT I**

**THE MORTGAGE INSTRUMENT FAILED AT ITS INCEPTION TO CREATE A VALID SECURITY INTEREST BECAUSE IT WAS CREATED SEPARATELY FROM THE NOTE, RENDERING THE MORTGAGE INSTRUMENT VOID**

12.    The Petitioner re-states and re-alleges paragraphs 1-11 as 1-11 of this Count I.

13.    The attempted mortgage instrument named MERS as "nominee" for the Lender

and "mortgagee of record." However, MERS was not in any way a party to the instrument's

creation, the transaction, or the signing by the Borrower. MERS lickewise cannot be an

agent of the Lender, for reasons set forth below. The Lender of the loan proffered the

instrument for the Borrower to sign, and neither the Lender or MERS signed the instrument.

The Mortgage instrument purported to grant a mortgage interest to MERS as mortgagee, without

first granting the property interests to the Lender. In Illinois, a Mortgage instrument is inseparable

from the debt, always abides by the debt, has no markertable or ascertainable value apart from the

obligation it secures, and cannot be transferred without the debtas it has no assignable quality

independent of the debt.

14.     Because the property interest was created apart from the debt it was intended to secure,

the property interest failed to attach as a valid security interest for the debt. See Mortgage

Syndicate, Inc.  V. Do & Go Equip., Inc., 7 Ill.App.3d 106, 108 286 N.E.2d 520 (5th Dist., 1972)

15.     The intentional separation of the mortgage and interest from the loan created a nullity of t

the instrument by purporting to grant a mortgage interest to an illegitimate entity, without

consideration and without that separate entity's knowledge of the transaction. This defect in

construction created unlawful subject matter for the mortgage contract, as well as purporting to

grant contractual rights to an unauthorized entity, rendering the Mortgage instrument void.

See Illinois State Bar Ass'n Mut. Ins. Co. V. Coregis Ins. Co., 355 Ill. App.3d 156, 164, 821

N.E.2d 706 (1st Dist., 2004) (Where the subject matter of a contract is illegal the contract is

void ab initio)

## COUNT II

### THE MORTGAGE INSTRUMENT FAILED TO CREATE A VALID SECURITY INTEREST AND AS AN INDEPENDENT CONTRACT FOR FAILURE OF THE PRINCIPLES OF CONTRACT LAW

16.     The Petitioner re-states and re-alleges paragraphs 1-15 as paragraphs 1-15 of Count II.

17.     The mortgage instrument did not create a valid security agreement for the note between

the Petitioner and the Lender because it purported to grant title with the power of sale and

a beneficial interest to an unknowing third party (MERS) without consideration. Illinois contract

law requires consideration for a land transfer to create a binding instrument, whether it is a

security interest or a contractual transfer of a property interest. Because the mortgage instrument

was created independently from the note, purportedly to an entity unaware of the transaction, any

 presumption of consideration on the mortgage instrument is clearly rebutted and negated.

There was no offer or acceptance. There was no meeting of the minds and no agreed upon

terms. There was no bargained consideration or presence of the allegedly contractually bound

parties.

## COUNT III

**THE MORTGAGE INSTRUMENT FAILED TO CREATE A VALID SECURITY
INTEREST FOR THE LENDER'S NOTE BECAUSE IT PURPORTEDLY
GRANTED A MORTGAGE INTEREST TO AN UNAUTHORIZED ENTITY,
WHICH WAS NOT AN AGENT OF LENDER, VIOLATING THE STATUTE OF
FRAUDS**

18.     The Petitioner states an re-alleges paragraphs 1-17 as paragraphs 1-17 of Count III.

19.     The Mortgage instrument defines MERS' relationship to the lender in the following
        manner:

"MERS is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation
that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS
is the mortgagee under this Security instrument.**"

Mortgage Instrument p. 1 (Exhibit A)

20.     The Mortgage instrument did not provide any incorporation of or reference to a valid

agency agreement between MERS and the Lender that would allow MERS to take a mortgage

interest in the Property sufficient to permit MERS to record the Property in MERS' name, as specifically required by the Statute of Frauds, 740 ILCS 80/2.

21.     No document was proffered to justify MERS' authority to act as an agent for the Lender in this land transaction, and without both the Lender and MERS signing the Mortgage instrument along with the Borrower, which did not happen, the Borrower could not have unilaterally created the written agency agreement to lawfully create the agency relationship. The creation of a written agency agreement is a bilateral matter. See Hagen v. Anderson, 317 Ill. 173, 177 (1925) (in land transactions subject to the Statute of Frauds, authority of the agent must be in writing).

22.     The Petitioner does not have the power, unilaterally, nor would anyone else, to lawfully create that bilateral, written agency agreement between the Lender and MERS to satisfy 740 ILCS 80/2. Absent any evidence of a written agency-creating agreement between MERS and the Lender, the Mortgage instrument, intended to grant an interest in a separate entity from the lender, violates the Statute of Frauds. For this reason the Mortgage instrument was void from its inception.

23.     The Mortgage instrument, in itself, is insufficient as a written agency-creating agreement between the Lender and MERS to satisfy the Statute of Frauds for the transfer of a land interest. An agency agreement for land transactions must involve a bilateral written agreement between the principal and the agent under Illinois law. Here, MERS was not a party to the signing or the land transaction, and did not know it was occurring. The mortgage instrument was not signed by the Lender or MERS. See Exhibit A. Therefore, the Mortgage instrument itself cannot be deemed a bilateral written agreement between the Lender and MERS granting agency authority. Absent such an authorization, MERS cannot be a valid agent of the Lender for purposes of

transferring a mortgage interest.

24.     MERS was not the Lender and can claim no interest over the value of the loan, and cannot claim to be an agent for the Lender without violating the statute of frauds. Petitioner asserts that it is the true and rightful owner of the property, and any mortgage interest could not (and did not) lawfully pass to MERS. The property therefore remains in the full title of the Petitioner, and any cloud upon title must be removed.

## COUNT IV

### THE MORTGAGE INSTRUMENT COULD NOT VALIDLY TRANSFER ANY PROPERTY INTEREST FROM THE LENDER TO MERS WHERE THE LENDER NEVER TOOK ANY INTEREST IN THE PROPERTY.

25.     The Petitioner re-states and re-alleges paragraphs 1-24 as paragraphs 1-24 of Count IV.

26.     The mortgage interest similarly cannot have effectuated any valid transfer or assignment from the Lender to MERS. The mortgage instrument was designed to make MERS the mortgagee, not the Lender - and the Lender thereby intentionally avoided ever taking any property interest. This not only rendered the mortgage instrument void from its inception, as alleged above - it destroyed any chance at a valid transfer or assignment by the Lender. The Lender, by its own defective design, never held any interest to assign. The purported mortgage instrument was therefore created as a nullity, and should be declared void.

27.     The Petitioner recognizes that granting this petition will in no way relieve the original Borrower of its obligations to the Lender under the Note.

## COUNT V

### THE ASSIGNMENT OF MORTGAGE FROM MERS TO DEUTSCHE BANK NATIONAL TRUST COMPANY WAS A FRAUDULENT DOCUMENT AND SLANDERS OR PLACES A CLOUD ON TITLE

28.     The Petitioner re-states and re-alleges paragraphs 1-27 as paragraphs 1-27 of Count V.

29.     The Assignment of Mortgage (Exhibit B) was a fraudulent document because the drafter claimed to be a licensed attorney to deceive the Court and the Recorder of Deeds and the Defendant.

30.     The Assignment of Mortgage states it was prepared by Cory Messer and provides his work address in Florida and telephone # and title as attorney and states it was made 09/01/2010 and signed 01/12/2011.

31.     In fact he claims "Attorney Code: 14946"

32.     Attorney Code 14946 in Florida belonged to attorney Edtrik Deangelas Baker. (Exhibit C)

33.     Attorney Edtrik Deangelas Baker died July 4, 2009. (See Exhibit D)

34.     Defendant has used the license of a deceased attorney to deceive the Court, Recorder and Defendant to attempt to create the appearance of a valid assignment of mortgage.

35.     Defendant had Christina Carter sign the assignment of Mortgage.

36.     Christina Carter is a robo-signer whose signature is not credible according to Judge Schack in New York. (HSBC Bank USA, N.A. v. Taher 2011 NY Slip Op 52317(U)

37.     The signatures of Christina Carter and the alleged Notary signature of Rashad Blanchard do not match those on record with the State of Florida and are by different people (Exhibit E ).

38.     The assignment of mortgage was not recorded in Cook County, Illinois.

39.     Deutsche Bank National Trust Company is attempting to enforce the unrecorded and fraudulent assignment of mortgage from MERS. (Exhibit F)

40.     Defendant has "unclean hands" and cannot claim this was a valid assignment of mortgage and has placed a cloud on the title.

## REQUEST FOR RELIEF

WHEREFORE, Petitioner requests this Honorable Court enter an order:

A.      Deeming the Mortgage instrument null and void ab-initio from its inception, for the many reasons set forth above, and quiet title in the Petitioner as the rightful owner of the Property.

B.      Ordering the Recorder of Deeds for Cook County to convey full title for the property located at 1531 N. Windsor Dr. #311 Arlington Heights, IL 60004 to the Petitioner as necessary to remove cloud on title.

C.      Declaring the subject-matter of the mortgage is illegal in that it purports to grant a mortgage interest to an unlawful entity that is not the Lender, MERS, without consideration.

D.      Declaring the mortgage instrument as void because a contracting party exceeded its authority to contract, as explained above.

E.      In the alternative, declare the instrument voidable and cancel it, to remove cloud on title and restore full legal title in the Petitioner.

F.      Declaring the Assignment of Mortgage as void and cancel it, to remove cloud on title and restore full legal title in the Petitioner.

G.      Declare that the Mortgage Instrument has no independent value existing separately and apart from the note, and lacked consideration, and therefore cancel the instrument for having its value paid in full (that value being zero).

H.      Ordering the payment of any additional damages or remedies as it deems appropriate, pursuant to 765 ILCS 905/4 or in equity, as suitable.

Respectfully submitted,

Herbert Elesh

Herbert Elesh
1659 Winnetka Rd.
Glenview IL 60025
847 465 1900

## PETITIONER'S COMPLAINT TO QUIET TITLE

## INDEX OF DOCUMENTS

1.    Complaint to Quiet Title

2.    Exhibit A- Mortgage Instrument

3.    Exhibit B- Assignment of Mortgage

4.    Exhibit C- Attorney Code 14946 for the State of Florida

5.    Exhibit D-Deceased Attorney Edtrik Baker (Social Security Death Index)

6.    Exhibit E-Robo signatures of Christina Carter and Rashad Blanchard v. real
      signatures with State of Florida

7.    Exhibit F-Deutsche Bank National Trust Company v. Elesh

8.    Decision of Court in Deutsche Bank v. Elesh

After Recording Return To:

Decision One Mortgage Company, LLC
6060 J.A. Jones Drive, Suite 1000
Charlotte, North Carolina 28287

This Instrument was prepared by:

38701 SEVEN MILE ROAD, SUITE 350
LIVONIA, MICHIGAN 48152

Doc#: 0508120066
Eugene "Gene" Moore  Fee: $58.00
Cook County Recorder of Deeds
Date: 03/22/2005 11:00 AM Pg: 1 of 18

_____ [Space Above This Line For Recording Data] _____

Loan Number 2080050258280
MIN: 100077910003495963

# MORTGAGE

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated MARCH 4, 2005, together with all Riders to this document.

(B) "Borrower" is HERBERT N ELESH, A SINGLE MAN. Borrower is the mortgagor under this Security Instrument.

(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D) "Lender" is Decision One Mortgage Company, LLC. Lender is a LIMITED LIABILITY COMPANY organized and existing under the laws of NORTH CAROLINA. Lender's address is 6060 J.A. JONES DRIVE, SUITE 1000, CHARLOTTE, NORTH CAROLINA 28287.

(E) "Note" means the promissory note signed by Borrower and dated MARCH 4, 2005. The Note states that Borrower owes Lender ONE HUNDRED FORTY-SEVEN THOUSAND SIX HUNDRED AND 00/100ths Dollars (U.S.$147,600.00) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than MARCH 4, 2035.

(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☒ Adjustable Rate Rider | ☒ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ Other(s) [specify] |
| ☐ 1-4 Family Rider | ☐ Biweekly Payment Rider | |

ILLINOIS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3014  1/01  *(page 1 of 11 pages)*



Prepared by: Cory Messer
Ocwen Loan Servicing,LLC
1661 Worthington Road, Suite 100
West Palm Beach, Florida, 33409
Phone Number: 561-682-8835
737073215209
Attorney Code: 14946

## ASSIGNMENT OF MORTGAGE
### ILLINOIS

This ASSIGNMENT OF MORTGAGE is made and entered into as of the 1ST day of SEPTEMBER, 2010, from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as nominee for DECISION ONE MORTGAGE COMPANY, LLC, whose address is 1901 E Voorhees Street, Suite C, Danville, IL 61834, its successors and assigns, ("Assignor) to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF JULY 1, 2005 MORGAN STANLEY ABS CAPITAL I INC. TRUST 2005-HE3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-HE3, whose address is c/o Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, Florida, 33409, all its rights, title and interest in and to a certain mortgage duly recorded in the Office of the County Recorder of COOK County, State of ILLINOIS, as follows:

Mortgagor: HERBERT N. ELESH
Mortgagee: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ACTING SOLELY AS NOMINEE FOR DECISION ONE MORTGAGE COMPANY, LLC
Amount: $147,800.00
Document Date: MARCH 04, 2005                    Date Recorded: MARCH 22, 2005
Document/Instrument/Entry Number: 0508120066
PIN: 03-21-100-034-1030
Property Address: 1531 NORTH WINDSOR 311 DRIVE, CHICAGO, IL
Property more fully described as:

*SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.*

This Assignment is made without recourse, representation or warranty. IN WITNESS WHEREOF, the undersigned has executed this Assignment of Mortgage at West Palm Beach, Florida, this 12TH day of JANUARY, 2011.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
ACTING SOLELY AS NOMINEE FOR DECISION ONE MORTGAGE
COMPANY, LLC

BY:
NAME: Christina Carter
TITLE: Vice President

STATE OF FLORIDA, COUNTY OF PALM BEACH )SS.

The foregoing instrument was acknowledged before me this 12TH day of JANUARY, 2011, by Christina Carter, the Vice President at MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR DECISION ONE MORTGAGE COMPANY, LLC, on behalf of the bank. He/She is personally known to me.

Notary Signature

MERS Ph.#: (888) 679 - 6377

MIN: 100077910003495963



Notary Public State of Florida
Rashad Blanchard
My Commission EE027488
Expires 03/19/2014

6035                                                                                      B

# Edtrik DeAngelas Baker

**Deceased**

| | |
|---|---|
| ID Number: | - 14946 |
| Address: | 78 Lakewood Rd |
| | Columbus, Mississippi 397055379 |
| | United States |
| Phone: | 786.2021242 |
| E-Mail: | edtrikbaker@yahoo.com |
| vCard: | ? |
| Admitted: | 09/27/2005 |
| Sections: | Young Lawyers Division |
| 10-Year Discipline History | **None** |
| Law School: | University of Wisconsin Law School |
| Graduation Year: | 2004 |
| Degree: | Doctor of Jurisprudence/Juris Doctor |
| Firm: | Edtrik D. Baker, Esq. |
| Firm Size: | One |
| Occupation: | Private Law Practice |
| Practice Areas: | Appellate Practice |
| | Criminal |
| | Eminent Domain |
| | Trial |
| Services: | ADA accessible client services |
| Languages: | Spanish |
| Federal Courts: | U.S. District Court, Middle District of Florida |
| | U.S. District Court, Northern District of Florida |
| State Courts: | Florida |

The Find A Lawyer directory provides limited basic information about attorneys licensed to practice in Florida and is provided as a public service by The Florida Bar. The information contained herein is provided "as is" with no warranty of any kind, express or implied. The Florida Bar, its Board of Governors, employees, and agents thereof are not responsible for the accuracy of the data. Much of the information is provided by the attorney and it is the attorney's responsibility to review and update the information. Publication of attorneys' contact information within this listing should not be construed as their consent to receive unsolicited communications in any form. Certain unauthorized uses of this data may result in civil or criminal penalties. The Find A Lawyer directory is not a lawyer referral service.

*[Revised: 05-11-2012]*

© 2005 The Florida Bar | Disclaimer | Top of page | **PDF**

C

# Social Security Death Index

The Social Security Death Master File (DMF, also popularly called the Social Security Death Index, or SSDI) is used by the Social Security Administration for coordinating benefits. Understanding the history of the DMF and what it is (and isn't) can help you get the best use of the database. Read more on the Mocavo Blog: Understanding the SSDI Part I, Part II , and Part III.

## Using Records

Analyzing and interpreting records is the foundation of genealogical research. Mocavo provides access to valuable data in records like the SSDI to help you verify information about your family.

### Edtrik DEANGELAS Baker (1979 - 2009)

Name:
    **Edtrik DEANGELAS Baker**
SSN:
    428-37-43**
SSN Issue State:
    Florida
Birth Date:
    June 8, 1979
Death Date:
    July 4, 2009
Calculated Age:
    30 Years
Last Residence:

Last Benefit:



D -



# NOTARY PUBLIC COMMISSION APPLICATION
**Florida Department of State**
Notary Commissions

Huckleberry Notary Bonding
PO Box 940489
Maitland, FL 32794-0489

This application and the information it contains, except social security numbers, are public record and may be disclosed to any person upon request.

Full Name: **Carter** (Last) **Christina** (First) **Elizabeth** (Middle)

Home Address: **11974 Shakerwood Ln. Wellington, FL** (Street) (City) **Palm Beach 3341** (County) (Zip)

Business Address: **1601 Worthington Rd. West Palm Beach, FL 33409** (Street) (City) (County) (Zip)

Home Phone: (**561**) **7537454** (or write "NONE") Sex: ☐M ☒F Race: **W** Business Phone: (**561**) **682-7328** (or write "NONE") Extension _____

Florida Driver's License (or other State of Florida issued ID): **C636105815480** Date of Birth: **02.08.1981** (Month/Day/Year)

1. Are you a legal resident of Florida? ☒Yes ☐No (If No, you are not eligible to apply for a notary commission. Legal residency must be maintained throughout the appointment.)
2. Are you a United States citizen? ☒Yes ☐No (If No, you must submit a recorded Declaration of Domicile. Obtain this document from your County Courthouse.)
3. If you are a first time notary, you must complete a 3 hour education course and submit a signed certificate of completion pursuant to chapter 668.50(11), F.S.
4. Have you held any professional licenses or commissions (other than Notary Public) in Florida during the past 10 years? ☐Yes ☒No (If yes, please list.) **05-30-10** _____ about the nature of the action any supporting documentation, such as a copy of the Final order from the regulating agency.) Have any been revoked? ☐Yes ☒No (If Yes, you must submit a written
5. Have you been disciplined by a regulatory agency, including the Florida Bar, and including disciplinary action that is confidential? ☐Yes ☒No (If Yes, you must submit a written statement about the nature of the action and any supporting documentation, such as a copy of the Final order from the regulating agency.)
6. Have you been convicted of a felony, had adjudication of guilt withheld, or are you on probation? ☐Yes ☒No (If Yes, you must submit a written statement of the nature of the offense(s), a copy of the court judgment and sentencing order. If convicted, you must submit a certificate of Restoration of Civil Rights.)

STATE OF **Florida**                                    **AFFIDAVIT OF CHARACTER**                  **Palm Beach** COUNTY

I, **Noemi Morales** (Print or Type Name of Affiant) am unrelated to and have known **Christina Carter** (Name of Applicant)

for one year or more; and to the best of my knowledge and observation know (him)(her) to be of good character.

My address is **2901 Buckley Ave.** (Street) **LW, FL** (City) **33461** (State) **Palm Beach** (County) (Zip)

UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING AFFIDAVIT AND THAT THE FACTS STATED IN IT ARE TRUE.

Home Phone: (**561**) **389-5605** (or write "NONE")          ✓

Work Phone: (**561**) **6828796** (or write "NONE")          _____ (Signature of Affiant)

STATE OF FLORIDA                          **OATH OF OFFICE**                          COUNTY **Palm Beach**

I DO solemnly (swear) (affirm) that I will support, protect and defend the Constitution and Government of the United States and of the State of Florida; that I am duly qualified to hold office under the Constitution of the State of Florida; that I have read Chapter 117, Florida Statutes, and any amendments thereto, and know the duties, responsibilities, limitations, and powers of a notary public; and that I will honestly, diligently, and faithfully discharge the duties of Notary Public, State of Florida on which I am now about to enter, (so help me God).

UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING APPLICATION AND OATH AND THAT THE FACTS STATES THEREIN ARE TRUE. I accept the office of Notary Public, State of Florida.

X _____ (Signature of Applicant - THIS is the name in which your commission and notary seal will be issued)

**christina carter** (Print or Type Name - Must match signature)          **5/24/10** (Date)

Social Security Number: _____

**E**

**Huckleberry Notary Bonding**
P.O. Box 940489
Maitland, FL 32794-0489
800-422-1555 • www.notaries.com

# NOTARY PUBLIC COMMISSION APPLICATION
Florida Department of State
Notary Commissions

This application and the information it contains, except social security numbers, are public record and will be available on the Division's website.

Full Name: **BLANCHARD** (Last) **RASHAD** (First) **PALM BEACH** (Middle)

Home Address: **2003 LINCOLN A** (Street) ; **BOCA RATON, FLORIDA** (City) (State) **PALM BEACH** (County) **33434** (Zip)

Place of Employment: **OCWEN**

Business Address: **1661 WORTHINGTON RD, SUITE 100; WEST PALM BEACH; PALM BEACH 334** (Street) (City) (State) (County) (Zip) ☐ Unemployed ☐ Retired

Mail to: ☒ Home ☐ Business ☐ Other Address: (Street) (City) (State) (Zip)

E-mail Address: **IBAYREALTY@GMAIL.COM** (or write "NONE") Sex: ☒ M ☐ F Race: **BLACK**

Home Phone: (____) **NONE** (or write "NONE") Business Phone: **561, 506.4440** (or write "NONE") Extension _____

Florida Driver's License (or other State of Florida Issued ID): **B452717480060** Date of Birth: **01,06,73** (Month/Day/Year)

1. Are you a legal resident of Florida? ☒ Yes ☐ No (If No, you are not eligible to apply for a notary commission. Legal residency must be maintained throughout the appointment.)
2. Are you a United States citizen? ☒ Yes ☐ No (If No, you must submit a recorded Declaration of Domicile. Obtain this document from your County Courthouse.)
3. Are you now or have you ever been commissioned a Notary Public in the State of Florida? ☐ Yes ☒ No (If No, you must complete a 3 hour Notary education course and submit a signed certificate of completion. (Ch. 668.50 (11) F.S.) Log onto www.notaries.com to take the online education course.)
   If Yes: _____ (Commission expiration date) _____ (Commission number)
4. Have you held any professional licenses or commissions (other than Notary Public) in Florida during the past 10 years? ☒ Yes ☐ No (If yes, please list.) **REAL ESTATE, MORTGAGE BROKER** _____ (Name in which your commission was issued)
5. Have you been disciplined by a regulatory agency, including the Florida Bar, and including disciplinary action that is confidential? ☐ Yes ☒ No (If Yes, you must submit a written statement about the nature of the action and any supporting documentation.) Have any been revoked? ☐ Yes ☒ No (If Yes, you must submit a written statement about the nature of the action and a copy of the Final Order from the regulating agency.)
6. Have you been convicted of a felony, had adjudication of guilt withheld, or are you on probation? ☐ Yes ☒ No (If Yes, you must submit a written statement of the nature of the offense(s), a copy of the court judgment and sentencing order. If convicted, you must submit a certificate of Restoration of Civil Rights.)

## AFFIDAVIT OF CHARACTER

STATE OF FLORIDA **PALM BEACH** COUNTY

I, **SONIA ELLIOTT** (Print name of person who has known notary applicant for one year or more), am unrelated to and have known **RASHAD BLANCHARD** (Name of Applicant) for one year or more; and to the best of my knowledge and observation know (him)(her) to be of good character.

My address is **777 BRIGHTON UNIT F** (Street) ; **BOCA RATON, FLORIDA** (City) (State) **PALM BEACH; 33434** (County) (Zip)

UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING AFFIDAVIT AND THAT THE FACTS STATED IN IT ARE TRUE.

Home Phone: **561 9293758** (or write "NONE") ✓ **Sonia Elliott** (Signature of name of person who has known notary applicant)

Work Phone: (____) (or write "NONE")

## OATH OF OFFICE

STATE OF FLORIDA COUNTY **PALM BEACH**

I DO solemnly (swear) (affirm) that I will support, protect and defend the Constitution and Government of the United States and of the State of Florida; that I am duly qualified to hold office under the Constitution of the State of Florida; that I have read Chapter 117, Florida Statutes, and any amendments thereto, and know the duties, responsibilities, limitations, and powers of a notary public; and that I will honestly, diligently, and faithfully discharge the duties of Notary Public, State of Florida on which I am now about to enter, (so help me God).

UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING APPLICATION AND OATH AND THAT THE FACTS STATED THEREIN ARE TRUE. I accept the office of Notary Public, State of Florida.

X **Rashad Blanchard** (Signature of applicant – Must be the name in which your commission and notary seal will be issued)

**RASHAD BLANCHARD** (Print or Type Name– Must match signature)

**04, 26, 10** (Date)

Social Security Number

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE UNDER POOLING
AND SERVICING AGREEMENT DATED AS
OF JULY 1, 2005 MORGAN STANLEY ABS
CAPITAL I INC. TRUST 2005-HE3
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-HE3

**SUMMONS IN A CIVIL CASE**

### PLAINTIFF
### V.

HERBERT N. ELESH, et al

### DEFENDANT(S).

CASE NUMBER: 1:12-cv-3644

ASSIGNED JUDGE: Ronald A. Guzman

DESIGNATED
MAGISTRATE JUDGE: Nan R. Nolan

TO: (Name and address of Defendant)

Herbert N. Elesh
1531 N Windsor Dr 311

Arlington Heights, IL 60004

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

JAMES NICK PAPPAS
Burke Costanza & Carberry LLP
9191 Broadway
Merrillville, IN 46410

an answer to the complaint which is herewith served upon you, _____Twenty-one (21)_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Thomas G. Bruton, Clerk

_____     _____
(By) DEPUTY CLERK                                DATE

THOMAS G. BRUTON, CLERK

*Nakita L. Pardue*

(By) DEPUTY CLERK



July 13, 2012
July 13, 2012

F -

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Deutsche Bank National Trust Company, ) | |
| ) | |
| Plaintiff, ) | No. 12 C 3644 |
| v. ) | |
| Herbert N. Elesh, ) | Judge Ronald A. Guzmán |
| ) | |
| Defendant, ) | |

### <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff, Deutsche Bank National Trust Company, as trustee of Morgan Stanley ABS Capital I Inc. Trust 2005 HE-3, has filed this suit to foreclose defendant's mortgage. Defendant contends that plaintiff lacks standing to pursue this suit and asks the Court to dismiss it. Because defendant attacks the factual basis of plaintiff's standing, rather than the sufficiency of its jurisdictional allegations, the Court can consider matters outside of the pleadings in deciding this motion. *See Apex Digital, Inc. v. Sears Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). Plaintiff, which has the burden of proof on this issue, has constitutional standing to pursue this suit only if it suffered a "concrete and particularized" injury that is traceable to defendant's conduct and is likely to be redressed by a decision in its favor in this case. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

With respect to that issue, plaintiff alleges that it owns the promissory note defendant gave to his lender, Decision One Mortgage Co., and thus has been injured by defendant's failure to make the payments due under it. As proof of this contention, plaintiff attached to its complaint what it claims is a true copy of the promissory note bearing an indorsement in blank. However, the note attached to the complaint bears no indorsement whatsoever as the purported indorsement language is not signed by the original owner or anyone else. In response to defendant's motion to dismiss, plaintiff submitted what it represents is a better copy of the original note. However, the "better

copy," though it contains a purported signature, differs in a number of respects from the alleged true copy attached to the complaint. To allow plaintiff an opportunity to clear up the inconsistencies and establish ownership of the promissory note upon which its standing depends, the Court ordered an evidentiary hearing.

The only evidence plaintiff offered at the hearing was the testimony of one witness from the servicer of the note, Ocwen Loan Servicing. The witness had no personal knowledge of whether, when or by whom the contested note was indorsed or any other aspect of the transactions underlying this suit. Moreover, her testimony that Ocwen has a practice of seeking indorsements for notes without them is vitiated by her belief that an indorsement is a rubber stamp of the phrase "pay to the order of" rather than a signature by the obligee of the note.

For these reasons and those stated in open court, the Court finds that plaintiff has failed to establish that: (1) the purported original promissory note is authentic; (2) the note was properly indorsed by an agent of the obligee; or (3) that, when plaintiff filed this suit, it possessed or owned the original promissory note. Because plaintiff has failed to establish that it was injured by defendant's default on the note, it does not have standing to pursue this suit. Accordingly, the Court grants defendant's motion to dismiss [40] and dismisses this suit for lack of subject matter jurisdiction. The Court strikes as moot defendant's motion to strike [45] and plaintiff's motions for summary judgment, to appoint a special commissioner and to reassign [51, 54 & 60].

**SO ORDERED**

ENTER: May 21, 2013

RONALD A. GUZMÁN
United States District Judge

2

AO 450 (Rev. 01/09) Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
## Northern District of Illinois

Deutsche Bank National Trust Company

*Plaintiff*

v.

Herbert N. Elesh

*Defendant*

)
)
)
)
)

Civil Action No.     12 C 3644

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

☐ the plaintiff *(name)* _____

defendant *(name)* _____ recover from the

interest at the rate of _____ dollars ($ _____), the amount of _____ %, plus postjudgment interest at the rate of _____ %, along with costs. which includes prejudgment

☐ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____ recover costs from the plaintiff *(name)* _____ _____

☒ other:

Judgment of dismissal for lack of subject matter jurisdiction is entered in favor of the defendant Herbert N. Elesh and against plaintiff Bank National Trust Company Deutsche Bank National Trust Company.

This action was *(check one)*:

☐ tried by a jury with Judge _____ presiding, and the jury has rendered a verdict.

☐ tried by Judge _____ without a jury and the above decision was reached.

☒ decided by Judge     Ronald A. Guzman     on a motion for     dismissal.

Date:     May 21, 2013

Thomas G. Bruton, Clerk of Court