IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERBERT ELESH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 12 C 10355 |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and DEUTSCHE BANK NATIONAL TRUST CO., | ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Herbert Elesh sued Mortgage Electronic Registration Systems, Inc. (MERS) in state court, seeking to remove a purported cloud on his title to certain property in Arlington Heights, Illinois. MERS removed the case to federal court based on diversity of citizenship. It then moved to dismiss Elesh's suit on certain grounds. The Court previously ruled on one of MERS's arguments, concluding that Elesh had failed to join a necessary party, namely Deutsche Bank National Trust Co. *See Elesh v. Mortg. Elec. Registration Sys., Inc.*, No. 12 C 10355, 2013 WL 1687738 (N.D. Ill. Apr. 18, 2013). Elesh then filed an amended complaint naming Deutsche Bank. Deutsche Bank has adopted the remaining arguments in MERS's motion to dismiss. The Court therefore proceeds to rule on the remainder of MERS's motion.

**Background**

The Court takes the following facts from the allegations in Elesh's amended complaint and the documents attached to that complaint.[1] On March 4, 2005, Elesh executed a mortgage that stated that it secured a promissory note in the amount of $147,000 that he had executed on the same date, payable to Decision One Mortgage Company, LLC (identified as "Lender"). The mortgage said that Elesh (identified as "Borrower") "does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in the County of Cook …," followed by a reference to an attachment that gave the legal description of the property. Mortgage, p. 2. The mortgage described MERS as "Mortgage Electronic Registration Systems, Inc. . . . a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.**"
*Id.*, p. 1. The mortgage also stated that

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

*Id.*, p. 3. The mortgage was recorded with the Cook County Recorder of Deeds. *See id.*, p. 1.

The next pertinent document is an "assignment of mortgage" executed by MERS, "as nominee for Decision One Mortgage Company, LLC," to Deutsche Bank "as Trustee

---

[1] Elesh attached only partial copies of some of the documents accompanying his amended complaint. In those instances, the Court has considered the complete copies attached to MERS's motion to dismiss.

2

for the Pooling and Servicing Agreement dated as of July 1, 2005 Morgan Stanley ABS Capital I Inc. Trust 2005-HE3 Mortgage Pass-Through Certificates, Series 2005-HE3." The assignment stated that it was "made and entered into as of the 1st day of September, 2010," but it evidently was signed, or at least "acknowledged," by MERS on January 12, 2011, the date on the notary's *jurat*. It is unclear from the documents attached to Elesh's amended complaint whether the assignment was recorded, but the copy of the assignment attached to MERS's motion to dismiss reflects that it was, in fact, recorded. *See* Def.'s Mot. to Dismiss, Ex. B.

In May 2012, Deutsche Bank filed a mortgage foreclosure suit against Elesh in this district. The case was assigned to Judge Ronald Guzman. *Deutsche Bank Nat'l Trust Co. v. Elesh*, Case No. 12 C 3644 (N.D. Ill.). In September 2012, Elesh filed a motion to dismiss in which he asserted that the assignment of mortgage from MERS to Deutsche Bank was not legal for various reasons. He also filed a counterclaim attacking the authenticity and validity of the assignment.

Elesh filed the present suit against MERS in state court in November 2012, seeking to quiet title – more specifically, seeking a finding that the mortgage and assignment were void or invalid. MERS removed the case to federal court in December 2012 and then filed a motion to dismiss. As indicated earlier, the Court previously ruled that Deutsche Bank was a necessary party. In June 2013, Elesh filed an amended complaint naming Deutsche Bank as an additional defendant. Deutsche Bank has adopted MERS's motion to dismiss.

On May 21, 2013, Judge Guzman dismissed Deutsche Bank's foreclosure suit for lack of federal subject matter jurisdiction. Based on documents that had been

3

submitted and testimony introduced at an evidentiary hearing, Judge Guzman found that Deutsche Bank had "failed to establish that: (1) the purported original promissory note is authentic; (2) the note was properly indorsed by an agent of the obligee; or (3) that, when plaintiff filed this suit, it possessed or owned the original promissory note." *Deutsche Bank Nat'l Trust Co. v. Elesh*, No. 12 C 3644, 2013 WL 2242452, at *1 (N.D. Ill. May 21, 2013). Based on these findings, Judge Guzman concluded that Deutsche Bank had failed to establish that it was injured by Elesh's default on the note and thus lacked standing to sue. Deutsche Bank did not appeal the order of dismissal. The Court has no information indicating that Deutsche Bank or any other party has since attempted to pursue another foreclosure suit against Elesh.

**Discussion**

Elesh makes five claims in his amended complaint. In count 1, he alleges that the mortgage was void from the outset because it was a "property interest created apart from the debt it was intended to secure" and thus "failed to attach as a valid security interest for the debt." Am. Compl. ¶ 14. In count 2, he alleges that the mortgage did not create a valid security agreement for the note because it purported to grant title "to an unknowing third party (MERS) without consideration." *Id.* ¶ 17. In count 3, Elesh alleges that the mortgage failed to create a valid security interest because there was no documentation of MERS's authority to act as an agent for the lender. In count 4, Elesh alleges that the mortgage was void from its inception because it went straight to MERS and the lender never had a property interest to assign. In count 5, Elesh challenges the assignment from MERS to Deutsche Bank. He says that the drafter, purportedly an attorney named Cory Messer, listed as his Florida attorney code number a number

4

actually assigned to a different attorney, Edtrik Baker, who died in 2009. Elesh also alleges that the signature of Christina Carter, who purportedly signed the assignment for MERS, is a phony signature and that the signature of Rashad Blanchard, who notarized Carter's purported signature, is likewise phony. For these and other reasons, Elesh argues, the assignment is void or invalid.

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the facts stated in the complaint as true and draws reasonable inferences in favor of the plaintiff. *E.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive the motion, the complaint must include enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court first addresses counts 1, 2, and 4, which overlap. In count 1, Elesh alleges that the mortgage was void or invalid because it "was created apart from the debt it was intended to secure," in that the mortgage was granted to MERS, which was not a party to the underlying debt. *See* Am. Compl. ¶¶ 13-15. In count 2, Elesh alleges that the mortgage was invalid because it "purported to grant title . . . to an unknowing third party (MERS) without consideration." *Id.* ¶ 17. In count 4, Elesh alleges that the mortgage was void because "it "was designed to make MERS the mortgagee, not the Lender – and the Lender thereby intentionally avoided ever taking any property interest." *Id.* ¶ 26.

5

These allegations fails to state a viable legal claim. Illinois law defines a mortgagee to include the holder of an indebtedness secured by a mortgage "or any person designated or authorized to act on behalf of such holder." 735 ILCS 5/15-1208. The mortgage on its face reflected that MERS was authorized to act on behalf of Decision One, the holder of the indebtedness that the mortgage secured. Elesh cites nothing in Illinois law that precluded Decision One from designating MERS as its "nominee" with the authority to hold the mortgage and act on Decision One's behalf. Nor has he identified any Illinois authority that suggests that this rendered the mortgage void or invalid. Illinois law would appear to preclude MERS, which does not hold and never has held the promissory note, from seeking to foreclose on the mortgage, *see Cogswell v. CitiFinancial Mortg. Co.*, 624 F.3d 395, 402 (7th Cir. 2010), but that is not the issue in the present case. The fact that MERS could not institute a suit for foreclosure does not suggest that the mortgage was invalid.

In Count 3, Elesh challenges MERS's status as a purported agent or nominee of Decision One. He alleges that the mortgage did not include documentation establishing MERS's agency for Decision One and that no such documentation was ever produced. The short answer to this is that none was necessary. Agency can be created without a written agreement. *See, e.g., Bhayani v. Sood*, 293 B.R. 911, 915 (Bankr. N.D. Ill. 2003) (applying Illinois law).

This leaves Count 5, in which Elesh challenges the assignment of the mortgage to Deutsche Bank. Defendants argue that Elesh is not a party to the assignment and thus lacks standing to challenge it. Only one of the cases upon which defendants rely, however, is an Illinois case, and that case makes it clear that this supposed "rule" has

exceptions. *See Bank of America Nat'l Ass'n v. Bassman FBT, LLC*, No. 2-11-0729, 2012 IL App (2d) 110729, 981 N.E.2d 1, 6-11 (2012). The basic requirements of standing are that the plaintiff suffered an injury to a legally cognizable interest and is asserting his own legal rights rather than those of a third party. *See id.* at 6. Elesh unquestionably meets the first requirement; the recorded assignment constitutes a cloud on his title, and Deutsche Bank recently relied on the assignment to prosecute a foreclosure action against him. Elesh also has a viable argument that in challenging the validity of the assignment, he is asserting his own rights and not someone else's rights. For example, given Deutsche Bank's apparent lack of possession of the original note, Elesh is put at risk of multiple liability as long as Deutsche Bank claims to hold the mortgage. *See id.* at 7-8 (citing cases indicating that an obligor has an interest in ensuring that he will not have to pay the same claim twice). In any event, Illinois law, to the extent there is much of it on this point, appears to recognize an obligor's right to attack an assignment as void or invalid under certain circumstances. *See id.*

The Court is also inclined to believe that the right to bring a quiet title action – a right that Elesh, as title holder to the property, clearly enjoys – implies the ability to challenge the validity of instruments that constitute clouds on title.

> An action to quiet title in property is an equitable proceeding in which a party seeks to remove a cloud on his title to the property. A cloud on title is the semblance of title, either legal or equitable, appearing in some legal form but which is, in fact, unfounded or which it would be inequitable to enforce. Various forms of documents which appeared valid on their face have been held to constitute clouds on title [including subsequent deeds, recorded mortgages, and forged deeds].

*Gambino v. Boulevard Mortg. Corp.*, 398 Ill. App. 3d 21, 52, 922 N.E.2d 380, 410 (2009) (internal quotation marks and citations omitted). Deutsche Bank's assignment, which it

7

has recorded, arguably constitutes a cloud on Elesh's title, thus enabling him to challenge it or at least seek its removal via a quiet title action.

For these reasons, the Court declines to dismiss Count 5.

### Conclusion

For the reasons stated above, the Court grants defendants' motion to dismiss in part and denies it in part [dkt. no. 13]. Counts 1, 2, 3, and 4 of the amended complaint are dismissed for failure to state a claim. The Court otherwise denies defendants' motion. Defendants are directed to answer Count 5 by no later than August 30, 2013. The case is set for a status hearing on September 5, 2013 at 9:30 a.m. The Court will hear and decide at that time plaintiff's motion to compel discovery [dkt. no. 16]. Defendants may file a written response to the motion by no later than August 27, 2013.

                                                                   MATTHEW F. KENNELLY
                                                                     United States District Judge

Date: August 16, 2013