UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERBERT ELESH | ) |
| | ) |
| | ) No. 12-cv-10355 |
| | ) Hon. Matthew Kennelly |
| Petitioner, | ) |
| v. | ) |
| | ) |
| The Property: | ) **FILED** |
| 1531 N. Windsor Dr. #311 | ) |
| Arlington Heights, IL 60004 | ) OCT 1 1 2013 |
| Quasi In-Rem; | ) |
| | ) THOMAS G BRUTON |
| *and* | ) CLERK, U.S DISTRICT COURT |
| MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEM, INC., | ) |
| a/k/a MERS, Inc. and | ) |
| DEUTSCHE BANK TRUST COMPANY | ) |
| | ) |
| DEFENDANTS | ) |

## PLAINTIFF"S MOTION TO COMPEL DISCOVERY

NOW COMES Plaintiff, Herbert Elesh pursuant to 37 (B) of the Federal Rules of Civil Procedure, and states and requests of the Court the following:

1. Plaintiff has been actively engaged in Discovery to seek several depositions including an employee of Deutsche Bank Trust Company and MERS.

2. Plaintiff also seeks information regarding the NOTE because it is relevant to whether the assignment of mortgage was void v. voidable. The mortgage can secure a Note, but there must have been a Note which was transfered prior to the assignment.

3. Therefore Plaintiff asked #2 and #3 of Plaintff's Second Set of Interrogatories to seek depositions.

4. Defendant has been unreasonable in precluding disclosure of named individuals.

5. Defendant has been unreasonable in precluding information on the dates of the acquisition and price of the NOTE which relates to the validity of the assignment of mortgage because it documents if and when any alleged transfer to Deutsche Bank National Trust occurred. Interrogatories #4, #5 and #6 are relevant because of a case known as BANA v. Bassman (2012) IL App (2d) 110729. If the Note was not in possession by the transferee the assignment of mortgage would also be void and not voidable. Plaintiff seeks the truth regarding the dates and records because of the Bassman case and the issue of void v. voidable.

6. Plaintiff emailed counsel for Defendants regarding the lack of disclosure of named individuals and the nexus between the Note and assignment of mortgage to no avail.

7. Plaintiff again reiterated in more detail on 10/10/2013 to counsel in an attempt to resolve the dispute to no avail.

8. Plaintiff proposed and appeared for an in person conference at the Dirksen Federal Building to resolve these issues and achieve some disclosure at a minimum to depose a Deutsche Bank National Trust employee and learn about the relevant dates of acquisition. Defendant's counsel failed to appear for said in person conference.

9. Through no fault of Plaintiff and in compliance with local rule 37.2 Plaintiff has made several sincere attempts to compromise and achieve a minimum of compliance with the Discovery and ultimate depositions. Plaintiff has attempted to speak via telephone and by email communication and meet in person prior to filing this Motion and receiving no new information or effort to meet by Defendant's counsel.

10. Plaintiff has received blanket objections regarding depositions and cooperation for said depositions.

11.     Request for Production #5 is for any document (not just the assignment of mortgage) evidencing, including business records, the date the mortgage was assigned. Again this is relevant to whether the assignment was void. # 6 is necessary and proper because the attorney name of the draftee of the assignment of mortgage goes to the center of the Count in the Complaint for Fraud and is accessible to Defendant as its agent was Ocwen and it was hired by Defendant to draft it.

WHEREFORE PLAINTIFF prays for the following relief:

A. An order compelling Defendant to Answer and produce the above-mentioned names and documents to have proper Discovery and depositions.

Respectfully submitted,

Herbert N. Elesh

Herbert N. Elesh
401 S. Milwaukee Ave. #160
Wheeling, IL 60090
847 465 1900

### CERTIFICATE OF SERVICE

This is to certify that a copy of the attached Motion to Compel Discovery mailed to counsel of record: Justin Carter (Morris Laing 1 E. Wacker Dr. Suite 2500 Chicago, IL 60601 on October 11, 2013 prior to 5:00 pm.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERBERT ELESH, | ) |
| | ) Case No. 12-CV-10355 |
| Plaintiff, | ) Hon. Matthew Kennelly |
| | ) |
| v. | ) |
| | ) Removed from Cook County |
| | ) Circuit Court |
| MORTGAGE ELECTRONIC | ) Case No. 12CH42187 |
| REGISTRATION SYSTEMS, INC.; | ) |
| DEUTSCHE BANK NATIONAL TRUST | ) |
| COMPANY, | |
| | |
| Defendants. | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COMES Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Deutsche Bank National Trust Company ("Deutsche Bank") (collectively "Defendant"), and hereby responds to Plaintiff Herbert N. Elesh's ("Plaintiff") Second Set of Interrogatories and Request for Production of Documents as follows:

Defendant's response to these interrogatories is based upon its investigation conducted during the time available since service of the interrogatories. As of the date of this response, Defendant has had insufficient opportunity to review all documents, interview all personnel, and otherwise obtain information which may prove relevant in this case, including, without limitation, through discovery of Plaintiff, third parties, or both. Consequently, Defendant's response is based upon information now known to Defendant which Defendant believes to be relevant to the subject matter covered by Plaintiff's interrogatories. In the future, Defendant may acquire additional information or discover information currently in its possession that bears upon Plaintiff's request and Defendant's answers instanter. Defendant incorporates this preliminary statement into each response herein as if fully set forth.

## GENERAL OBJECTIONS AND DEFINITIONS

<u>No Waiver</u>. To the extent that Defendant objects to a particular Interrogatory on the basis of specific objections, Defendant hereby states that it does not thereby waive its general objections to all of the Interrogatories. To the extent that Defendant objects herein to a particular Interrogatory, or proceeds to answer the Interrogatory in whole or in part, Defendant hereby states that it does not thereby waive any objection to the Interrogatory in question. To the extent that any information is inadvertently provided, which information is properly the subject of the attorney/client privilege or work product doctrine or any other privilege or immunity, such disclosure is not to be construed as a waiver of the applicable privilege, doctrine or immunity.

<u>Procedure</u>. Defendant objects to any claim that Interrogatories are continuing or require supplementation by information secured subsequent to the filing of its responses except as required by the Federal Rules of Civil Procedure. Defendant's responses to these Interrogatories are based on information known by it at this time, and such responses are set forth without prejudice to Defendant s right to assert additional objections or supplementary responses should it discover additional information or grounds for objection. Defendant reserves the right to supplement or amend these responses at any time prior to trial of this action. Defendant further objects to any instructions and/or definitions to the extent that they seek to impose on Defendant's obligations that are not found in the applicable Federal Rules of Civil Procedure, and any Orders that have been entered in this action. Finally, the word usage and sentence structure is that of the attorney and does not purport to be the exact language of the executing party.

<u>Cross-References</u>. The following terms are used to delineate objections throughout this Response.

(a) "Attorney/client privilege" means that the discovery sought relates to confidential communications between counsel and client, their representatives or other parties similarly situated in a matter of common interest.

(b) "Burdensome" means that the discovery sought is unreasonably cumulative or duplicative or is unreasonable as to time frame or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.

(c) "Not Relevant" means that the discovery sought is not relevant to the subject matter involved in the pending action and is not reasonably calculated to lead to the discovery of admissible evidence.

(d) "Attorney work product privilege" means that discovery of documents and things otherwise discoverable prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) is sought without a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means or that the discovery seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

## RESPONSES

1. Is Ryan Romanelli available for deposition?
   **ANSWER:** Defendants do not know the whereabouts of Ryan Romanelli.

2. Who, employed by Deutsche Bank National Trust Company, is available for deposition regarding the execution of the assignment of mortgage?
   **ANSWER:** No employee of Deutsche Bank National Trust Company is available because Deutsche Bank did not prepare or execute the assignment of mortgage.

3. Who, with a title at MERS, is available for deposition regarding the assignment of mortgage?
   **ANSWER:** Objection, asked and answered. This Interrogatory was already responded to MERS Supplemental Responses to Defendant's First Set of Interrogatories. Without waiving said objection, MERS did not draft the Assignment of Mortgage. Further, Christina Carter, who executed the Assignment of Mortgage was only a signing officer for MERS, not an employee.

The entity with the most relevant knowledge concerning the Assignment of Mortgage is Ocwen Loan Servicing, LLC, the servicer for Deutsche Bank National Trust Company.

4. How much did Defendant Deutsche Bank pay for the promissory Note?

**ANSWER:** Objection, relevance. Plaintiff's remaining Count for Quiet Title concerns the assignment of mortgage recorded in the Cook County Register of Deeds. The promissory note was not recorded and does not allegedly cloud Plaintiff's title to the subject property. Discovery sought regarding the promissory note is not relevant to the subject matter involved in the pending action and is not reasonably calculated to lead to the discovery of admissible evidence.

5. On what date did Defendant Deutsche Bank acquire the promissory Note?

**ANSWER:** Objection, relevance. Plaintiff's remaining Count for Quiet Title concerns the assignment of mortgage recorded in the Cook County Register of Deeds. The promissory note was not recorded and does not allegedly cloud Plaintiff's title to the subject property. Discovery sought regarding the promissory note is not relevant to the subject matter involved in the pending action and is not reasonably calculated to lead to the discovery of admissible evidence.

6. Did Defendant Deutsche Bank violate the terms of the trust by conveying the Note into the Trust after 2005?

**ANSWER:** Objection, relevance. Plaintiff's remaining Count for Quiet Title concerns the assignment of mortgage recorded in the Cook County Register of Deeds. The promissory note was not recorded and does not allegedly cloud Plaintiff's title to the subject property. Discovery sought regarding the promissory note is not relevant to the subject matter involved in the pending action and is not reasonably calculated to lead to the discovery of admissible evidence.

7. Does New York law govern the trust?

**ANSWER:** Objection, vague and relevance. Defendant objects on the basis of vagueness because Plaintiff does not reference any specific trust, trust documents or provision of any such trust. Additionally, Plaintiff's remaining Count for Quiet Title concerns the assignment of mortgage recorded in the Cook County Register of Deeds. Any alleged violations of an unspecified trust do not concern whether Plaintiff's title to the subject property is clouded by the assignment of mortgage. Discovery sought regarding any unspecified trust is not relevant to the subject matter involved in the pending action and is not reasonably calculated to lead to the discovery of admissible evidence.

8. Could MERS assign the mortgage without the NOTE?

**ANSWER:** Yes. Plaintiff agreed to this when he executed the subject Mortgage and Promissory Note.

9. Did MERS assign the mortgage without assigning the NOTE?

**ANSWER:** MERS never held the note so it could not assign, negotiate or otherwise transfer the note.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

1. Receipts or proof of payment paid by Deutsche Bank to acquire the mortgage or promissory Note used to attempt to foreclosure.

**ANSWER:** Objection. Asked and Answered. Defendant previously responded to this Request in Plaintiff's First Request for Production of Documents 1.b. The Response, along with any objection is incorporated into this Response.

2. All documents in Defendant Deutsche Bank's possession, custody, and control which establish it was the legal, beneficial or equitable owner of the promissory note that was the subject of the foreclosure action.

**ANSWER:** Objection. Asked and Answered. Defendant previously responded to this Request in Plaintiff's First Request for Production of Documents 5. The Response, along with any objection is incorporated into this Response. Without waiving said objections, Defendant has already produced the endorsed note in blank to Plaintiff on multiple occasions.

3. All assignments, allonges, endorsements and transfer or delivery of receipts in the chain of transfer and or title from the original lender to Deutsche Bank.

**ANSWER:** Defendant has already provided a copy of the endorsed promissory note and assignment of mortgage to Plaintiff on multiple occasions. If Plaintiff would like an additional copy, please let counsel know.

4. All records, electronic or otherwise of assignment of mortgage and the promissory note which is the subject of this foreclosure action.

**ANSWER:** Objection. Asked and Answered. Please see Defendant's Response to Request for Production No. 3.

5. Any document evidencing the date the mortgage was assigned or conveyed into the 2005 trust which was in the caption of the foreclosure case which commenced in 2012.

**ANSWER:** Please see the assignment of mortgage already produced for the date the mortgage was assigned.

6. Any document evidencing which attorney, by name, drafted the assignment of mortgage.

**ANSWER:** Neither Deutsche Bank nor MERS are in possession of any such documents as neither Deutsche Bank nor MERS drafted the assignment of mortgage.

7. Any documents with the attorney codes or numbers assigned to them for drafting legal documents in foreclosure cases with Ocwen as the servicer.

**ANSWER:** Neither Deutsche Bank nor MERS are in possession of any such documents as neither Deutsche Bank nor MERS drafted the assignment of mortgage.

Respectfully Submitted,
Morris, Laing, Evans, Brock & Kennedy Chtd.

*/s/ Justin F. Carter*
Justin F. Carter (23358)
Morris, Laing, Evans, Brock & Kennedy, Chtd.
1 E. Wacker Drive
Suite 2500
Chicago, IL 60601
P: 316-383-6492
F: 316-383-6592
jcarter@morrislaing.com