**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HERBERT ELESH, ) | |
| ) | Case No. 12-CV-10355 |
| Plaintiff, ) | Hon. Matthew Kennelly |
| ) | |
| v. ) | |
| ) | Removed from Cook County |
| ) | Circuit Court |
| MORTGAGE ELECTRONIC ) | Case No. 12CH42187 |
| REGISTRATION SYSTEMS, INC.; ) | |
| DEUTSCHE BANK NATIONAL TRUST ) | |
| COMPANY, | |
| Defendants. | |

**DEFENDANT MERS' REVISED MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER PURSUANT TO FED.R.CIV.P. 26(c)**

Mortgage Electronic Registration Systems, Inc. ("MERS"), by and through its counsel, hereby submits this memorandum in support of its Revised Motion for a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) preventing the unnecessary deposition of a corporate representative of MERS. The deposition was noticed by the Plaintiff Herbert Elesh, and was originally noticed as two depositions of individuals affiliated with MERS and its parent company—Sharon Horstkamp and William Hultman. A copy of the Amended Notice of Deposition for Sharon Horstkamp ("Notice") is attached as Exhibit "A". MERS moved for protective orders related to these individuals' depositions [Doc. 43], and at a hearing on November 14, 2013, the Court took the matter under advisement. It ruled that the individuals' depositions would not go forward, but that the Court would construe the Notice as a 30(b)(6) notice of deposition for a corporate representative of MERS. The Court invited MERS to revise and renew its Motion for Protective Order as to a corporate representative.

The deposition subject areas and documents identified in the Notice are objectionable. The Notice seeks testimony and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case. Moreover, any testimony and documents from MERS is duplicative of other discovery that MERS answered or objected to previously in this case, with such objections sustained by this Court on Plaintiff's various Motions to Compel. The goal of the deposition of MERS can only be for the purpose of harassment; there is no indication from Plaintiff as to why MERS would have any knowledge related to the single quiet title claim at issue in this case. Indeed, MERS does not. The Court should enter a Protective Order preventing the deposition. In the alternative, if the Court rules that the deposition will proceed, MERS requests that the topics, scope, nature, and manner of conduct of the deposition be limited, and that cumulative testimony be eliminated.

## NATURE OF MOTION AND PROCEDURAL HISTORY

Following the Motion to Dismiss, Plaintiff's only remaining claim in this action is to quiet title to a certain piece of real estate situated in Illinois ("Property"). Plaintiff's claim to quiet title is premised upon two arguments. First, Plaintiff argues that the Assignment of his Mortgage is "a fraudulent document because [Cory Messer] claimed to be a licensed attorney to deceive the Court and the Recorder of Deeds and the Defendant." [Doc. 29 – Amended Complaint, ¶29]. Plaintiff does not seek any deposition testimony from MERS in support of this argument. Cory Messer is an Ocwen employee, and Plaintiff has not alleged any relationship between him and MERS, nor do the proposed deposition subject areas address him.

Plaintiff's second argument in the quiet title action is that "Christina Carter is a robo-signer whose signature is not credible. . ." [*Id.* at ¶36]. This is the argument that Plaintiff hopes MERS can provide "evidence" to support Plaintiff's effort to invalidate the Assignment of his

Mortgage. The deposition of MERS simply cannot provide relevant testimony related to this second argument as has already been indicated to Plaintiff through prior discovery responses.

Plaintiff noticed MERS to testify regarding the following:

> "Christina Carter's commencement and departure at MERS, her capacity as a certifying officer, supervisory role by deponent, authority of deponent over her and communications with her and her performance as a certifying officer; her knowledge of robo-signing by MERS certifying [sic] officers and remedial actions by MERS to prevent future allegations of robo-signing by Christina Carter and others."

It further demands MERS bring "any and all documents related to the allegations set forth in Plaintiff's Complaint, including but not limited to any documents, including any corporate resolutions authorizing 'Signing Officers' for Ocwen Loan Servicing, LLC for 2010 and 2011 including Christina Carter." The deposition and documents are sought after MERS already responded to voluminous discovery that makes clear MERS has no relevant testimony to provide regarding the quiet title claim or defenses to the same. [1]

On December 27, 2012, MERS filed its Notice of Removal to this Court. In January, Plaintiff served counsel for MERS with fourteen Interrogatories, twenty-two Requests for Admissions and seven Requests for Production of Documents, despite no Rule 26(f) Conference having been held. On or about February 18, 2013, in an attempt to respond in good faith to the improper discovery requests, MERS served Plaintiff with its discovery responses.[2] On February 22, 2013, the parties met and MERS' counsel explained to Plaintiff the basis for many of the objections (even though MERS responded to several of the objected discovery requests anyway) were the undefined and often times vague requests from Plaintiff. MERS' counsel further

---

[1] Indeed, MERS objected to many of the discovery requests served upon it with arguments similar to those presented in this Motions, such as relevance to Plaintiff's allegations or that MERS has already responded in various Interrogatories that it has no such knowledge of Plaintiff's allegations and that Christina Carter was never an employee of MERS.
[2] A copy of MERS' responses to the first set of discovery is attached as Exhibit "B."

explained many of the requests sought information that MERS would have no knowledge of or had no relevance to Plaintiff's claims against MERS. MERS' counsel invited Plaintiff to provide supplemental requests following the discussion which either defined the vague terms or narrowed the requests to matters relevant to the claims. On February 27, 2013, Plaintiff filed his first Motion to Compel. [Doc. No. 16]. On August 16, 2013, this Court granted Defendant's Motion to Dismiss in part thereby dismissing all but the last count of Plaintiff's Complaint, the quiet title claim. [Doc. No. 33]. On September 5, 2013, this Court granted in part and denied in part Plaintiff's Motion to Compel and directed Defendant to answer five of the 43 discovery requests. [Doc. 37]. Thereafter, MERS supplemented its discovery request pursuant to the Court's Order.[3]

On or about September 6, 2013, Plaintiff served Defendant's counsel with Plaintiff's Second Set of Interrogatories and Request for Production of Documents. Defendant responded timely to the Second Discovery Requests.[4] Of note, MERS indicated that Christina Carter was never an employee of MERS and MERS had no knowledge whatsoever concerning the assignment of mortgage or Plaintiff's Claims.[5] Notwithstanding, Plaintiff again filed a Motion to Compel which was denied by this Court on October 17, 2013. [Doc. No. 42].

Prior to the October 17, 2013 hearing, Plaintiff unilaterally mailed two Notice of Depositions for Ms. Horstkamp and Mr. Hultman, neither of whom are defendants in this case. The original Notices did not identify the deponents in their corporate capacities, and failed to describe with reasonable particularity the subject areas of testimony sought by Plaintiff. After corresponding with Plaintiff, Plaintiff served amended Notices on November 2, 2013 clarifying that the Notices were served on Horstkamp and Hultman as representatives of MERS and

---

[3] A copy of MERS' supplemental responses is attached as Exhibit "C."
[4] A copy of MERS' responses to the second set of discovery is attached as Exhibit "D."
[5] See. Ex. E, ¶¶3,5.

identifying the topics. Plaintiff did not consult with Defendant's counsel prior to serving the Amended Notices of Depositions. As discussed above, MERS filed a Motion for a Protective Order on November 8, 2013, and Judge Kennelly took the matter under advisement, converted the Notice into one for a corporate representative, and requested that MERS revise the Motion for Protective Order accordingly.

## **STANDARD OF REVIEW**

Pursuant to Rule 26(c)(1), the court may grant a motion for protective order, "for good cause," to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). It is within the trial court's discretion to determine what factors constitute "good cause." *See Crawford–El v. Britton*, 523 U.S. 574, 598, 188 S.Ct. 1584, 1597, ––– L.Ed.2d –––, ––– (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."); *see also Searls v. Glasser*, 64 F.3d 1061, 1068 (7th Cir.1998) ("Because the district court is far better situated to pass on discovery matters, we review its discovery decisions for an abuse of discretion."). A Court may quash a subpoena when the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. *See* Fed.R.Civ.P.26(b)(2)(C)(i). Discovery is limited to information that is "relevant to the subject matter involved in the pending action." Fed.R.Civ.P.26(b)(1).

Additionally, Rule 26(c)(4) authorizes a court to issue a Protective Order "that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters[.]" "Where a court is satisfied based on all the available information that there is no likelihood that a witness has knowledge of relevant facts, the issuance of a protective order prohibiting a deposition has been sustained as an appropriate exercise of discretion." *Johnson v.*

*Jung*, 242 F.R.D. 481, 484 (N.D. Ill. 2007) citing *Thomas v. IBM*, 48 F.3d 478, 483–84 (10th Cir. 1995) (upholding lower court's issuance of protective order precluding deposition of chairman of the board of IBM, who testified via affidavit that he lacked personal knowledge of any facts supporting plaintiff's age discrimination claims); *Lewelling v. Farmers Ins.*, 879 F.2d 212, 218 (6th Cir. 1989) (upholding district court's exercise of discretion in granting protective order barring plaintiff from deposing CEO, who lacked knowledge of pertinent facts in case brought by employees alleging breach of contract and fraud).

In seeking to depose MERS, Plaintiff transparently pursues testimony he can use to "muddy the waters" and contest the "chain of title" to a promissory note ("Note") and mortgage ("Mortgage") that he voluntarily entered into. Plaintiff attempts to do this by attacking both MERS' assignment of that Mortgage ("Assignment") the MERS' grant of authority to Signing Officer Christina Carter ("Carter") permitting her to execute the Assignment on MERS' behalf. Plaintiff seeks testimony that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence or other privileged topics. The discovery requested in the Notice is unduly burdensome. The Court should enter a Protective Order preventing the deposition of MERS. In the alternative, should the Court rule that the deposition will proceed, MERS requests the Court limit its scope and nature of how the deposition is conducted.

## ARGUMENT

**I.** **Good Cause Exists to Prohibit the Deposition of MERS Because the Deposition is Irrelevant to the Action, Annoying, Oppressive and Cumulative**

    **A.** **The deposition subject areas are irrelevant.**

Plaintiff seeks testimony regarding former MERS Signing Officer Carter, her tenure in that position, and the specific authority that she was granted by MERS to act on its behalf. None of these topics are related to whether Christina Carter's signature is authentic. Plaintiff has

offered no explanation as to why MERS would have personal knowledge of the subjects for which Plaintiff seeks testimony, despite MERS having already answered through Interrogatories to the contrary. As such, the lack of relevancy to Plaintiff's claim and the lack of any personal knowledge as to the allegations supports the issuance of a protective order. *Johnson*, 242 F.R.D. at 484.

> Not one of the following is a material issue in this case:
>
> (1) when Carter was a MERS Signing Officer;
>
> (2) MERS' appointment of or supervision of its Signing Officers (in general, or specific to Carter);
>
> (3) the scope of a Signing Officer's authority to act for MERS (in general, or specific to Carter); and
>
> (4) supervision and remedial measure "to prevent future allegations of robo-signing by Christina Carter and others."

Yet these are the exact topics for which Plaintiff would have MERS provide testimony. Furthermore, Plaintiff cannot articulate how any of the foregoing subject areas could support his quiet title claim.

### B. The deposition subject areas are vague and overbroad.

The subject areas identified in the Notice include topics that are vague, and others that are far beyond the scope of the Plaintiff and this case. By way examples only, Plaintiff seeks testimony on MERS' relationships with Signing Officers other than the one at issue in this case, as well as testimony about the general supervisory and remedial measures undertaken by MERS "to prevent future *allegations* of robo-signing by Christina Carter *and others*." As discussed below, testimony regarding Ms. Carter is irrelevant in this case. But the harassing nature of the Notice is compounded because it seeks testimony related to individuals with absolutely no

relationship to the Plaintiff or his Mortgage.

Moreover, Plaintiff bases his quiet title claim (and his entire effort to seek discovery from MERS) on the allegation that Christina Carter "robosigned" his Assignment, without defining the term. While "robo-signing" is a term and an allegation that is frequently asserted by borrowers defending against foreclosure, it is not one frequently defined by them. The entire basis for the discovery sought from MERS would require MERS to speculate as to what allegedly wrongful conduct Plaintiff accuses Christina Carter of committing. For this reason alone, a Protective Order is warranted.

## II. In the Alternative, The Deposition Topics Should Be Limited.

If, despite the foregoing showing that MERS has no relevant testimony to provide in this action, the Court determines that Plaintiff should be entitled to depose MERS, a Protective Order is nevertheless warranted to limit the scope of topics for the deposition and the undue burden that MERS will suffer. For all of the reasons discussed in Part II of this Motion, the deposition topics should be limited.

## III. An Award of Fees Is Proper, Given the Cumulative Discovery Requests and Harrassment.

Federal Rule of Civil Procedure 37(a)(5) provides that "if the motion [for protective order] is granted … the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," absent circumstances that are not applicable here.[6]

Plaintiff insists upon seeking duplicative discovery from MERS, despite this Court's previous rulings on Plaintiffs' numerous Motions to Compel, which have effectively shut

---

[6]  Fed. R. Civ. P. 37(a)(5) (emphasis added).

Plaintiff down from pursuing many of the same lines of discovery sought in the Notice. The continued efforts to pursue discovery from MERS constitute harrassment.

A deposition of MERS cannot possibly lead to the discovery of admissible evidence relevant to the claims and defenses at issue in this proceeding. An award of costs and reasonable attorneys' fees is appropriate. Fees are especially appropriate in this case.

## CONCLUSION

WHEREFORE, Defendant respectfully requests this Court grant its Motion for Protective Order, prohibit the deposition of MERS on the subject areas identified in the Notice of Deposition from going forward, and for any other relief as may be proper.

Respectfully Submitted,

*/s/ Justin F. Carter*
Justin F. Carter (P71650)
Morris, Laing, Evans, Brock & Kennedy, Chtd.
1 E. Wacker Drive
Suite 2500
Chicago, IL 60601
P: 316-383-6492
F: 316-383-6592

## **CERTIFICATE OF SERVICE**

     I hereby certify that on November 27, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all parties of record through said system.  Additionally, a copy of the foregoing was served on the below parties via first class mail, pre-paid, a copy of which was placed in the USPS mailbox at 1 E. Wacker Drive, Chicago, IL 60601 at or before 5:00PM on November 27, 2013.

Herbert Elesh
1659 Winnetka Rd.
Glenview, IL 60025

                                                 Respectfully Submitted,

                                                 Morris, Laing, Evans, Brock & Kennedy Chtd.

                                                 */s/ Justin F. Carter*
                                                 Justin F. Carter (23358)
                                                 Morris, Laing, Evans, Brock & Kennedy, Chtd.
                                                 1 E. Wacker Drive
                                                 Suite 2500
                                                 Chicago, IL 60601
                                                 P: 316-383-6492
                                                 F: 316-383-6592
                                                 jcarter@morrislaing.com