

RECEIVED 12/27/2013 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| HERBERT ELESH )<br>)<br>)<br>)    No. 12-cv-10355<br>)    Hon. Matthew Kennelly<br>Petitioner, )<br>v. )<br>)<br>The Property: )<br>1531 N. Windsor Dr. #311 )<br>Arlington Heights, IL 60004 )<br>Quasi In-Rem; )<br>)<br>      and )<br>MORTGAGE ELECTRONIC )<br>REGISTRATION SYSTEM, INC., )<br>a/k/a MERS, Inc. and )<br>DEUTSCHE BANK TRUST COMPANY; )<br>)<br>)<br>      DEFENDANTS ) | |

### 2nd AMENDED COMPLAINT TO DECLARE MORTGAGE VOID AND REMOVE CLOUD ON TITLE (QUIET TITLE)

NOW COMES Petitioner, HERBERT ELESH, PRO SE, and brings this 2nd Amended Complaint with leave of Court to amend the Complaint, to remove cloud on title by an invalid mortgage instrument and quiet title as to that instrument in Petitioner's name. HERBERT ELESH (Petitioner or Borrower) brings this quasi-in rem action regarding the property located at: 1531 N. Windsor Dr. #311 Arlington Heights, IL 60004 (The Property).

### INTRODUCTION

1. The Petitioner asks this Honorable Court to declare the mortgage void at its inception and remove cloud on title because the mortgage was assigned to a separate and distinct entity from the

Lender, without consideration and without the promissory Note. Petitioner holds title over the property in question, and requests this Court to find the Mortgage instrument void ab initio for defects at its creation, rendering it invalid and unenforceable, or, in the alternative, deem the defective instrument voidable and cancel the instrument as a mortgage without a Note is void.

2. In its attempt to subvert future recording fees for transferring property interests, the Lender put forth a mortgage agreement purporting to secure a separate note (the note was supported by its own consideration and is not at issue in this matter). This separation was intended by the Lender, as evidenced by the mortgage put forth by the Lender, for the purpose of avoiding future recording fees the Lender would be required to pay if it were to validly accept the mortgage as mortgagee. See In re: Mortgage Elec. Registration Sys. (MERS) Litig., 659 F.Supp.2d 1368, 2009 WL 4755688 (U.S.Jud.Pan.Mult.Lit.) MDL 2119, (Dec. 7, 2009).

3. The mortgage purported to grant legal title to Mortgage Electronic Registration Systems, Inc., a/k/a MERS (hereafter MERS) as "mortgagee" and "solely as nominee" for the Lender. Petitioner asserts that this language on the mortgage, which was signed unilaterally by the Petitioner, created an instrument null and void at its inception because it failed from creation to be created in unity with the note it purported to secure and thus failed to properly secure the note, as explained infra. Moreover, Defendant Deutsche Bank did not hold the Note and was only assigned a mortgage.

4. As a separate instrument purporting to grant a property interest to a separate entity as mortgagee, the mortgage instrument also fails for lack of consideration and for multiple failures of contract law principles.

5. Further, the mortgage instrument purported to grant a property interest in MERS, as mortgagee or some form of agent of the Lender, without evidence of a proper agency agreement,

in violation of the statute of frauds. The mortgage instrument itself cannot create that agency between two parties that were not a party to the instrument, as explained below.

6. No principles of contract law could have effected a valid assignment, either, because MERS was not a party to the mortgage and granted no consideration for taking a real property interest, and MERS could not have intended such when it was not even aware of the mortgage at the time of its creation.

7. Because this mortgage was created without any unity with the note it supposedly secured, and could not possibly effect any valid assignment of the mortgage from the Lender to MERS, the instrument failed to create a valid security interest for the note, failed to create any rights in MERS, and exists as a nullity. See Illinois State Bar Ass'n Mut. Ins. Co. V. Coregis Ins. Co., 355 Ill. App. 3d 156, 164 (2004) (Contracts containing illegal subject matter or invloving parties that exceed their authority are void, not voidable). The Petitioner requests that this Court declare the mortgage to be void ab initio, or cancel the instrument for creating no tangible rights in MERS, and remove any cloud on title that the defective mortgage provides.

## JURISDICTION

This action is properly filed with the Circuit Court pursuant to Ill. Const. Art. VI, Section 9 and IL ST CH 735 Section 5/2-701. Venue is appropriate pursuant to IL ST CH 735 Section 5/2-101.

## STATEMENT OF FACTS

8. The subject of this action is the property located at 1531 N. Windsor Dr. #311 Arlington Heights, IL 60004. The Mortgage instrument for the Property recorded on or about March 22,

2005, in the Cook County Recorder's Office as Document No. 0508120066.

9. The named parties re:

   a. Herbert Elesh, 1659 Winnetka Rd. Glenview IL 60025.

   B. Defendant Mortgage Electronic Registration Systems, Inc., a/k/a MERS Inc. at P.O. Box 2026, Flint, MI 28501-2026. MERS is listed in the Mortgage instrument as the beneficiary and mortgagee of record, and it regularly conducts business in Illinois.

10. On or about March 4, 2005 Petitioner executed a document titled "Mortgage instrument (Exhibit A). No Defendant or other person or entity signed the instrument.

11. The document identified itself as a "Security Instrument" and was presented to the Borrower for execution at the closing on the note related to the Property. This document purports to create a security interest in favor of MERS Inc., a separate corporation with no entitlement under the note as "mortgagee." MERS did not convey a Note or deliver a Note to Deutsche Bank it only assigned a mortgage; Deutsche Bank was never a holder of the original promissory Note.

12. Ocwen Loan Servicing, LL.C, the servicer of the loan, of West Palm Beach Florida conducted business including the habit and routine of using two other employees to sign Christina Carter's name on assignments of mortgage and affidavits.

13. Specifically, Noemi Morales, Christina Carter's supervisor, with the knowledge and consent of Ocwen management at the West Palm Beach, Florida office practiced the signature of Christina Carter as "CC" and executed her signature on assignments of mortgage without the legal authority of MERS or written consent from Christina Carter.

14. In addition to Noemi Morales, Johnna Miller, an employee of Ocwen, would as habit

and as routine business sign Christina Carter's name on legal documents without the written consent of MERS or Christina Carter while both were employed by Ocwen.

15. Christina Carter knew that both Noemi Morales and Johnna Miller were signing her name using her corporate signature of "CC" on legal documents including assignments of mortgage while all three were employed at the Ocwen office at West Palm Beach Florida.

16. Ocwen and its management knew that these two employees, Ms. Morales and Johnna Miller, were violating the legal authority MERS confered upon solely Christina Carter to sign assignments of mortgage as a "certifying officer."

17. Christina Carter knew the signatures of herself and those of Noemi Morales, her supervisor, and Johnna Miller were the same or similar to hers and she did not file or orally object to the forged signatures to anyone employed at Ocwen or notify the Attorney General of the State of Florida.

18. Christina Carter did not look at the presence of the NOTE as required when executing an assignment of mortgage, and has stated she did not have an adequate number of assistants since 2009 and worked 13 hour days without adequate help when executing assignments of mortgage including not noticing the defect of a lack of indorsement on a NOTE such as the relevant NOTE in this case.

19. Ocwen and Christina Carter knew they were executing void assignments by violating the agreement with MERS to limit Christina Carter to the authority of "certifying officer."

20. Ocwen and Christina Carter knew the signature on the relevant assignment of mortgage in this case was not valid and was void *ab initio*.

## PETITIONER'S ALLEGATIONS

### COUNT I
### THE ASSIGNMENT OF MORTGAGE FROM MERS TO DEUTSCHE BANK NATIONAL TRUST COMPANY WAS A FRAUDULENT DOCUMENT AND SLANDERS OR PLACES A CLOUD ON TITLE

21. The Petitioner re-states and re-alleges paragraphs 1-20 as paragraphs 1-20 of Count I.

22. The Assignment of Mortgage (Exhibit B) was a fraudulent document because the drafter claimed to be a licensed attorney to deceive the Court and the Recorder of Deeds and the Defendant.

23. The Assignment of Mortgage states it was prepared by Cory Messer and provides his work address in Florida and telephone # and title as attorney and states it was made 09/01/2010 and signed 01/12/2011.

24. In fact he claims "Attorney Code: 14946"

25. Attorney Code 14946 in Florida belonged to attorney Edtrik Deangelas Baker. (Exhibit C)

26. Attorney Edtrik Deangelas Baker died July 4, 2009. (See Exhibit D)

27. Defendant has used the license of a deceased attorney to deceive the Court, Recorder and Defendant to attempt to create the appearance of a valid assignment of mortgage.

28. Defendant had Christina Carter sign the assignment of Mortgage.

29. Christina Carter is a robo-signer whose signature is not credible according to Judge Schack in New York. (HSBC Bank USA, N.A. v. Taher 2011 NY Slip Op 52317(U)

30. The signatures of Christina Carter and the alleged Notary signature of Rashad Blanchard do not match those on record with the State of Florida and are by different people (Exhibit E ).

31. The assignment of mortgage was not recorded in Cook County, Illinois.

32. Deutsche Bank National Trust Company is attempting to enforce the unrecorded and fraudulent assignment of mortgage from MERS. (Exhibit F)

33. Defendant has "unclean hands" and cannot claim this was a valid assignment of mortgage and has placed a cloud on the title.

## REQUEST FOR RELIEF

WHEREFORE, Petitioner requests this Honorable Court enter an order:

A. Deeming the Mortgage instrument null and void ab-initio from its inception, for the many reasons set forth above, and quiet title in the Petitioner as the rightful owner of the Property.

B. Ordering the Recorder of Deeds for Cook County to convey full title for the property located at 1531 N. Windsor Dr. #311 Arlington Heights, IL 60004 to the Petitioner as necessary to remove cloud on title.

C. Declaring the subject-matter of the mortgage is illegal in that it purports to grant a mortgage interest to an unlawful entity that is not the Lender, MERS, without consideration.

D. Declaring the mortgage instrument as void because a contracting party exceeded its authority to contract, as explained above.

E. In the alternative, declare the instrument voidable and cancel it, to remove cloud on title and restore full legal title in the Petitioner.

F. Declating the Assignment of Mortgage as void and cancel it, to remove cloud on title and restore full legal title in the Petitioner.

G. Declare that the Mortgage Instrument has no independent value existing separately and apart from the note, and lacked consideration, and therefore cancel the instrument for having its value paid in full (that value being zero).

H.  Ordering the payment of any additional damages or remedies as it deems appropriate, pursuant to 765 ILCS 905/4 or in equity, as suitable.

Respectfully submitted,

*Herbert Elesh*

Herbert Elesh
1659 Winnetka Rd.
Glenview IL 60025
847 465 1900

# PETITIONER'S COMPLAINT TO QUIET TITLE

## INDEX OF DOCUMENTS

1. Complaint to Quiet Title
2. Exhibit A- Mortgage Instrument
3. Exhibit B- Assignment of Mortgage
4. Exhibit C- Attorney Code 14946 for the State of Florida
5. Exhibit D-Deceased Attorney Edtrik Baker (Social Security Death Index)
6. Exhibit E-Robo signatures of Christina Carter and Rashad Blanchard v. real signatures with State of Florida
7. Exhibit F-Deutsche Bank National Trust Company v. Elesh
8. Decision of Court in Deutsche Bank v. Elesh

After Recording Return To:

Decision One Mortgage Company, LLC
6060 J.A. Jones Drive, Suite 1000
Charlotte, North Carolina 28287

This Instrument was prepared by:

38701 SEVEN MILE ROAD, SUITE 350
LIVONIA, MICHIGAN 48152

Doc#: 0508120066
Eugene "Gene" Moore Fee: $58.00
Cook County Recorder of Deeds
Date: 03/22/2005 11:00 AM Pg: 1 of 18

[Space Above This Line For Recording Data]

Loan Number 2080050258280
MIN: 100077910003495963

# MORTGAGE

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated MARCH 4, 2005, together with all Riders to this document.
(B) "Borrower" is HERBERT N ELESH, A SINGLE MAN. Borrower is the mortgagor under this Security Instrument.
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(D) "Lender" is Decision One Mortgage Company, LLC. Lender is a LIMITED LIABILITY COMPANY organized and existing under the laws of NORTH CAROLINA. Lender's address is 6060 J.A. JONES DRIVE, SUITE 1000, CHARLOTTE, NORTH CAROLINA 28287.
(E) "Note" means the promissory note signed by Borrower and dated MARCH 4, 2005. The Note states that Borrower owes Lender ONE HUNDRED FORTY-SEVEN THOUSAND SIX HUNDRED AND 00/100ths Dollars (U.S.$147,600.00) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than MARCH 4, 2035.
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| ☒ Adjustable Rate Rider | ☒ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ Other(s) [specify] |
| ☐ 1-4 Family Rider | ☐ Biweekly Payment Rider | |

ILLINOIS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3014 1/01 *(page 1 of 11 pages)*



Prepared by: Cody Messer
Ocwen Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, Florida, 33409
Phone Number: 561-682-8835
7370732195209
Attorney Code: 14946

## ASSIGNMENT OF MORTGAGE
## ILLINOIS

This ASSIGNMENT OF MORTGAGE is made and entered into as of the 1ST day of SEPTEMBER, 2010, from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as nominee for DECISION ONE MORTGAGE COMPANY, LLC, whose address is 1901 E Voorhees Street, Suite C, Danville, IL 61834, its successors and assigns, ("Assignor") to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF JULY 1, 2005 MORGAN STANLEY ABS CAPITAL I INC. TRUST 2005-HE3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-HE3, whose address is c/o Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, Florida, 33409, all its rights, title and interest in and to a certain mortgage duly recorded in the Office of the County Recorder of COOK County, State of ILLINOIS, as follows:

Mortgagor: HERBERT N. ELESH
Mortgagee: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ACTING SOLELY AS NOMINEE FOR DECISION ONE MORTGAGE COMPANY, LLC
Amount: $147,600.00
Document Date: MARCH 04, 2005                Date Recorded: MARCH 22, 2005
Document/Instrument/Entry Number: 0508120066
PIN: 03-21-100-034-1030
Property Address: 1531 NORTH WINDSOR 311 DRIVE, CHICAGO, IL
Property more fully described as:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

This Assignment is made without recourse, representation or warranty. IN WITNESS WHEREOF, the undersigned has executed this Assignment of Mortgage at West Palm Beach, Florida, this 12TH day of JANUARY, 2011.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
ACTING SOLELY AS NOMINEE FOR DECISION ONE MORTGAGE
COMPANY, LLC

BY: [signature]
NAME: Christina Carter
TITLE: Vice President

STATE OF FLORIDA, COUNTY OF PALM BEACH )SS.

The foregoing instrument was acknowledged before me this 12TH day of JANUARY, 2011, by Christina Carter, the Vice President of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR DECISION ONE MORTGAGE COMPANY, LLC, on behalf of the bank. He/She is personally known to me.

Notary Signature: Rashad Blanchard

MIN: 100077910003495963                MERS Ph.#: (888) 679-6377

[Notary Seal: Notary Public State of Florida, Rashad Blanchard, My Commission EE022488, Expires 09/10/2014]

6035

B

The Florida Bar
www.floridabar.org

# Edtrik DeAngelas Baker

**Deceased**

| | |
|---|---|
| ID Number: | 14946 |
| Address: | 78 Lakewood Rd |
| | Columbus, Mississippi 397055379 |
| | United States |
| Phone: | 786.2021242 |
| E-Mail: | edtrikbaker@yahoo.com |
| vCard: | ? |
| Admitted: | 09/27/2005 |
| Sections: | Young Lawyers Division |
| 10-Year Discipline History | **None** |
| Law School: | University of Wisconsin Law School |
| Graduation Year: | 2004 |
| Degree: | Doctor of Jurisprudence/Juris Doctor |
| Firm: | Edtrik D. Baker, Esq. |
| Firm Size: | One |
| Occupation: | Private Law Practice |
| Practice Areas: | Appellate Practice |
| | Criminal |
| | Eminent Domain |
| | Trial |
| Services: | ADA accessible client services |
| Languages: | Spanish |
| Federal Courts: | U.S. District Court, Middle District of Florida |
| | U.S. District Court, Northern District of Florida |
| State Courts: | Florida |

The Find A Lawyer directory provides limited basic information about attorneys licensed to practice in Florida and is provided as a public service by The Florida Bar. The information contained herein is provided "as is" with no warranty of any kind, express or implied. The Florida Bar, its Board of Governors, employees, and agents thereof are not responsible for the accuracy of the data. Much of the information is provided by the attorney and it is the attorney's responsibility to review and update the information. Publication of attorneys' contact information within this listing should not be construed as their consent to receive unsolicited communications in any form. Certain unauthorized uses of this data may result in civil or criminal penalties. The Find A Lawyer directory is not a lawyer referral service.

[Revised: 05-11-2012]
© 2005 The Florida Bar | Disclaimer | Top of page | PDF

C

## Social Security Death Index

The Social Security Death Master File (DMF, also popularly called the Social Security Death Index, or SSDI) is used by the Social Security Administration for coordinating benefits. Understanding the history of the DMF and what it is (and isn't) can help you get the best use of the database. Read more on the Mocavo Blog: Understanding the SSDI Part I, Part II, and Part III.

### Using Records

Analyzing and interpreting records is the foundation of genealogical research. Mocavo provides access to valuable data in records like the SSDI to help you verify information about your family.

**Edtrik DEANGELAS Baker (1979 - 2009)**

Name:
    **Edtrik DEANGELAS Baker**
SSN:
    428-37-43**
SSN Issue State:
    Florida
Birth Date:
    June 8, 1979
Death Date:
    July 4, 2009
Calculated Age:
    30 Years
Last Residence:

Last Benefit:



D



# NOTARY PUBLIC COMMISSION APPLICATION
Florida Department of State
Notary Commissions

Huckleberry Notary Bonding
PO Box 940489
Maitland, FL 32794-0489

This application and the information it contains, except social security numbers, are public record and may be disclosed to any person upon request.

Full Name: **Carter      Christina      Elizabeth**
(Last) (First) (Middle)

Home Address: **11974 Shakerwood Ln. Wellington, FL  PalmBeach 334**
(Street) (City) (County) (Zip)

Business Address: **1401 Worthington Rd. West Palm Beach, FL 33409**
(Street) (City) (County) (Zip)

Home Phone: **(561) 753-7454** (or write "NONE")     Sex: ☐M ☒F   Race: **W**
Business Phone: **(561) 682-7328** (or write "NONE")     Extension ___

Florida Driver's License (or other State of Florida Issued ID): **C636105815480**   Date of Birth: **02/08/1981**
(Month/Day/Year)

1. Are you a legal resident of Florida? ☒Yes ☐No (If No, you are not eligible to apply for a notary commission. Legal residency must be maintained throughout the appointment.)
2. Are you a United States citizen? ☒Yes ☐No (If No, you must submit a recorded Declaration of Domicile. Obtain this document from your County Courthouse.)
3. If you are a first time notary, you must complete a 3 hour education course and submit a signed certificate of completion pursuant to chapter 668.50(11), F.S.   **05-30-10**
4. Have you held any professional licenses or commissions (other than Notary Public) in Florida during the past 10 years? ☐Yes ☒No (If yes, please list) ... Have any been revoked? ☐Yes ☒No (If Yes, you must submit a written statement...)
5. Have you been disciplined by a regulatory agency, including the Florida Bar, and including disciplinary action that is confidential? ☐Yes ☒No
6. Have you been convicted of a felony, had adjudication of guilt withheld, or are you on probation? ☐Yes ☒No

STATE OF **Florida**              AFFIDAVIT OF CHARACTER              **Palm Beach** COUNTY

I, **Noemi Morales** (Print or Type Name of Affiant), am unrelated to and have known **Christina Carter** (Name of Applicant) for one year or more; and to the best of my knowledge and observation know (him)(her) to be of good character.

My address is **2901 Buckley Ave. LW, FL 33461   Palm Beach**
(Street) (City) (State) (Zip) (County)

UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING AFFIDAVIT AND THAT THE FACTS STATED IN IT ARE TRUE.

Home Phone: **(561) 389-5605**
Work Phone: **(561) 682-8794**

(Signature of Affiant)

STATE OF FLORIDA              OATH OF OFFICE              COUNTY **Palm Beach**

I DO solemnly (swear) (affirm) that I will support, protect and defend the Constitution and Government of the United States and of the State of Florida; that I am duly qualified to hold office under the Constitution of the State of Florida; that I have read Chapter 117, Florida Statutes, and any amendments thereto, and know the duties, responsibilities, limitations, and powers of a notary public; and that I will honestly, diligently, and faithfully discharge the duties of Notary Public, State of Florida on which I am now about to enter, (so help me God).

UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING APPLICATION AND OATH AND THAT THE FACTS STATES THEREIN ARE TRUE. I accept the office of Notary Public, State of Florida.

X _____
(Signature of Applicant)

**christina carter**
(Print or Type Name)

**5/24/10**
(Date)

Social Security Number: _____

E



# NOTARY PUBLIC COMMISSION APPLICATION
### Florida Department of State
### Notary Commissions

Huckleberry Notary Bonding
P.O. Box 940489
Maitland, FL 32794-0489
800-422-1555 • www.notaries.com

This application and the information it contains, except social security numbers, are public record and will be available on the Division's website.

Full Name: **BLANCHARD** (Last) **RASHAD** (First) (Middle)

Home Address: **2003 LINCOLN A** (Street) ; **BOCA RATON, FLORIDA** (City) **PALM BEACH** (State) **33434** (County) (Zip)

Place of Employment: **OCWEN** ☐ Unemployed ☐ Retired

Business Address: **1661 WORTHINGTON RD; SUITE 100; WEST PALM BEACH; PALM BEACH 334** (Street) (City) (State) (County) (Zip)

Mail to: ☒ Home ☐ Business ☐ Other Address: ____

E-mail Address: **IBAYREALTY@GMAIL.COM** (or write "NONE")

Sex: ☒ M ☐ F  Race: **BLACK**

Home Phone: (____) **NONE** (or write "NONE")  Business Phone: (**561**) **506-4170** (or write "NONE")  Extension ____

Florida Driver's License (or other State of Florida Issued ID): **B452727480060**

Date of Birth: **01/06/78** (Month/Day/Year)

1. Are you a legal resident of Florida? ☒ Yes ☐ No
2. Are you a United States citizen? ☒ Yes ☐ No
3. Are you now or have you ever been commissioned a Notary Public in the State of Florida? ☐ Yes ☒ No
   If Yes: ____ (Commission expiration date) ____ (Commission number)
4. Have you held any professional licenses or commissions (other than Notary Public) in Florida during the past 10 years? ☒ Yes ☐ No
   **REAL ESTATE / MORTGAGE BROKER**
   Have any been revoked? ☐ Yes ☒ No
5. Have you been disciplined by a regulatory agency, including the Florida Bar, and including disciplinary action that is confidential? ☐ Yes ☒ No
6. Have you been convicted of a felony, had adjudication of guilt withheld, or are you on probation? ☐ Yes ☒ No

## AFFIDAVIT OF CHARACTER

STATE OF FLORIDA, **PALM BEACH** COUNTY

I, **SONIA ELLIOTT** (Print name), am unrelated to and have known **RASHAD BLANCHARD** for one year or more; and to the best of my knowledge and observation know (him)(her) to be of good character.

My address is **222 BRIGHTON UNIT F** ; **BOCA RATON, FLORIDA, PALM BEACH; 33434**

UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING AFFIDAVIT AND THAT THE FACTS STATED IN IT ARE TRUE.

Home Phone: **561-929-3758**

Work Phone: (____) ____

## OATH OF OFFICE

STATE OF FLORIDA  COUNTY **PALM BEACH**

I DO solemnly (swear) (affirm) that I will support, protect and defend the Constitution and Government of the United States and of the State of Florida; that I am duly qualified to hold office under the Constitution of the State of Florida; that I have read Chapter 117, Florida Statutes, and any amendments thereto, and know the duties, responsibilities, limitations, and powers of a notary public; and that I will honestly, diligently, and faithfully discharge the duties of Notary Public, State of Florida on which I am now about to enter, (so help me God).

UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING APPLICATION AND OATH AND THAT THE FACTS STATED THEREIN ARE TRUE. I accept the office of Notary Public, State of Florida.

X _(signature)_

**RASHAD BLANCHARD**

Date: **07/26/10**

Social Security Number: ____

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF JULY 1, 2005 MORGAN STANLEY ABS CAPITAL I INC. TRUST 2005-HE3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-HE3

PLAINTIFF

V.

HERBERT N. ELESH, et al

DEFENDANT(S).

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 1:12-cv-3644

ASSIGNED JUDGE: Ronald A. Guzman

DESIGNATED MAGISTRATE JUDGE: Nan R. Nolan

TO: (Name and address of Defendant)

Herbert N. Elesh
1531 N Windsor Dr 311
Arlington Heights, IL 60004

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

JAMES NICK PAPPAS
Burke Costanza & Carberry LLP
9191 Broadway
Merrillville, IN 46410

an answer to the complaint which is herewith served upon you, __Twenty-one (21)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Thomas G. Bruton, Clerk

(By) DEPUTY CLERK _____

DATE _____

THOMAS G. BRUTON, CLERK

_Nakita L. Perdue_

(By) DEPUTY CLERK

July 13, 2012



F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Deutsche Bank National Trust Company, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 12 C 3644 |
| v. | ) ) | |
| Herbert N. Elesh, | ) ) | Judge Ronald A. Guzmán |
| Defendant, | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Deutsche Bank National Trust Company, as trustee of Morgan Stanley ABS Capital I Inc. Trust 2005 HE-3, has filed this suit to foreclose defendant's mortgage. Defendant contends that plaintiff lacks standing to pursue this suit and asks the Court to dismiss it. Because defendant attacks the factual basis of plaintiff's standing, rather than the sufficiency of its jurisdictional allegations, the Court can consider matters outside of the pleadings in deciding this motion. *See Apex Digital, Inc. v. Sears Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). Plaintiff, which has the burden of proof on this issue, has constitutional standing to pursue this suit only if it suffered a "concrete and particularized" injury that is traceable to defendant's conduct and is likely to be redressed by a decision in its favor in this case. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

With respect to that issue, plaintiff alleges that it owns the promissory note defendant gave to his lender, Decision One Mortgage Co., and thus has been injured by defendant's failure to make the payments due under it. As proof of this contention, plaintiff attached to its complaint what it claims is a true copy of the promissory note bearing an indorsement in blank. However, the note attached to the complaint bears no indorsement whatsoever as the purported indorsement language is not signed by the original owner or anyone else. In response to defendant's motion to dismiss, plaintiff submitted what it represents is a better copy of the original note. However, the "better

Case: 1:12-cv-03644 Document #: 65 Filed: 05/21/13 Page 2 of 2 PageID #:528

copy," though it contains a purported signature, differs in a number of respects from the alleged true copy attached to the complaint. To allow plaintiff an opportunity to clear up the inconsistencies and establish ownership of the promissory note upon which its standing depends, the Court ordered an evidentiary hearing.

The only evidence plaintiff offered at the hearing was the testimony of one witness from the servicer of the note, Ocwen Loan Servicing. The witness had no personal knowledge of whether, when or by whom the contested note was indorsed or any other aspect of the transactions underlying this suit. Moreover, her testimony that Ocwen has a practice of seeking indorsements for notes without them is vitiated by her belief that an indorsement is a rubber stamp of the phrase "pay to the order of" rather than a signature by the obligee of the note.

For these reasons and those stated in open court, the Court finds that plaintiff has failed to establish that: (1) the purported original promissory note is authentic; (2) the note was properly indorsed by an agent of the obligee; or (3) that, when plaintiff filed this suit, it possessed or owned the original promissory note. Because plaintiff has failed to establish that it was injured by defendant's default on the note, it does not have standing to pursue this suit. Accordingly, the Court grants defendant's motion to dismiss [40] and dismisses this suit for lack of subject matter jurisdiction. The Court strikes as moot defendant's motion to strike [45] and plaintiff's motions for summary judgment, to appoint a special commissioner and to reassign [51, 54 & 60].

SO ORDERED

ENTER: May 21, 2013

RONALD A. GUZMAN
United States District Judge

2

AO 450 (Rev. 01/09) Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

Deutsche Bank National Trust Company )
Plaintiff )
v. )
Herbert N. Elesh ) Civil Action No. 12 C 3644
Defendant )

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

☐ the plaintiff *(name)* _____ recover from the defendant *(name)* _____ the amount of _____ dollars ($ _____), which includes prejudgment interest at the rate of _____ %, plus postjudgment interest at the rate of _____ %, along with costs.

☐ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____ recover costs from the plaintiff *(name)* _____.

☒ other:
Judgment of dismissal for lack of subject matter jurisdiction is entered in favor of the defendant Herbert N. Elesh and against plaintiff Bank National Trust Company Deutsche Bank National Trust Company.

This action was *(check one)*:

☐ tried by a jury with Judge _____ presiding, and the jury has rendered a verdict.

☐ tried by Judge _____ without a jury and the above decision was reached.

☒ decided by Judge Ronald A. Guzman on a motion for dismissal.

Date: May 21, 2013

Thomas G. Bruton, Clerk of Court

/s Carole Gainer