IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HERBERT ELESH, )
)
        Plaintiff, )
)
   vs. ) Case No. 12 C 10355
)
MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS, INC. )
and DEUTSCHE BANK )
NATIONAL TRUST CO., )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Herbert Elesh has sued Mortgage Electronic Registration Systems, Inc. (MERS) and Deutsche Bank National Trust Co. After the Court's ruling on defendants' earlier motion to dismiss, *see Elesh v. Mortg. Elec. Registration Sys., Inc.*, No. 12 C 10355, 2013 WL 4476547 (N.D. Ill. Aug. 16, 2013), Elesh's single remaining claim against the defendants is a state law quiet title claim. Defendants have moved for summary judgment. For the reasons stated below, the Court grants defendants' motion.

**Background**

On March 4, 2005, Elesh executed a mortgage on a home in Arlington Heights, Illinois. The mortgage secured a promissory note for $147,000, payable to Decision One Mortgage Company. The mortgage document said that Elesh "does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS," the property in

1

question.  Mortgage, p. 2.  MERS, as nominee for Decision One Mortgage, then assigned the mortgage to Deutsche Bank as trustee. The assignment was entered into "as of" September 1, 2010, but it was signed or "acknowledged" by MERS on January 12, 2011.  Am. Compl., Ex. B.

Ocwen Loan Servicing prepared the assignment of mortgage in its capacity as servicer of Elesh's loan and attorney-in-fact (agent) for Deutsche Bank.  Defs.' R. 56.1 Stat. ¶4; Pl.'s Resp. to Defs.' R. 56.1 Stat. ¶ 4.  Christina Carter, an employee of Ocwen, was appointed by MERS as a "signing officer."  Defs.' R. 56.1 Stat. ¶¶ 6-7; Pl.'s Resp. to Defs.' R. 56.1 Stat. ¶¶ 6-7. She regularly executed assignments on behalf of MERS.  Defs.' R. 56.1 Stat. ¶ 9; Pl.'s Resp. to Defs.' R. 56.1 Stat. ¶ 9.

Deutsche Bank filed a mortgage foreclosure suit against Elesh in May 2012.  In September 2012, Elesh filed a motion to dismiss and a counterclaim disputing the validity of the mortgage assignment.  Judge Guzman dismissed Deutsche Bank's foreclosure suit on May 21, 2013 for lack of subject matter jurisdiction.  *Deutsche Bank Nat'l Trust Co. v. Elesh*, No. 12 C 3644, 2013 WL 2242452 (N.D. Ill. May 21, 2013). Judge Guzman ruled that Deutsche Bank had failed to show that it owned the promissory note or even that the note it offered was authentic (the witness Deutsche Bank presented had no personal knowledge of any of the matters on which the witness was called to testify).  *Id.* at *1.  Judge Guzman therefore dismissed Deutsche Bank's suit for lack of standing.  *Id.*

In November 2012, Elesh filed the present suit against MERS in state court.  He sought to quiet title on the Arlington Heights property.  Specifically, he requested a finding that the mortgage and assignment were void or invalid.  In December 2012,

MERS removed the case to federal court and filed a motion to dismiss. The Court ruled that Deutsche Bank was a necessary party. In June 2013, Elesh filed an amended complaint naming Deutsche Bank as an additional defendant. Deutsche Bank adopted MERS's motion to dismiss. *Id.*

Elesh's amended complaint includes five claims, in each of which he contended the mortgage was void or invalid. The Court dismissed four of the claims—attacking the mortgage itself—for failure to state a claim. *Elesh*, 2013 WL 4476547, at *3. Elesh's only remaining claim is Count 5, a quiet title claim in which he challenges the assignment of the mortgage to Deutsche Bank. The Court found that Elesh had standing to challenge the mortgage assignment and therefore allowed that claim to proceed. *Id.* at *3-4.

**Discussion**

MERS and Deutsche Bank have moved for summary judgment. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the evidence in the light most favorable to the non-moving party. *Id.* To avoid summary judgment, the opposing party must "point to evidence that can be put in an admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor." *Marr v. Bank of America, N.A.*, 662 F.3d 963, 966 (7th Cir. 2011). *See also, Smiley v. Columbia Coll. Chicago*, 714 F.3d 998, 1004 (7th Cir. 2013) (testimony offered in affidavit form on summary judgment motion must be admissible to be considered).

As indicated earlier, Count 5 is a claim to quiet title. An action to quiet title is a

proceeding in which a party seeks to remove a cloud on his title to real property. *Gambino v. Boulevard Mortg. Corp.*, 398 Ill. App. 3d. 21, 52, 922 N.E.2d 380, 410 (2009). A could on title is the semblance of title that appears in some legal form but that is actually unfounded or would be inequitable to enforce. *Id.*

In Count 5, Elesh alleges that the assignment of the mortgage to Deutsche Bank is void or was never valid because Christina Carter, the designated signer, did not actually sign the assignment; Elesh contends her signature was forged. Elesh also alleges that the purported drafter of the assignment, Cory Messer, listed a Florida attorney code number that was actually assigned to another person, who died in 2009.

Defendants argue that Elesh cannot prove that the assignment of mortgage is fraudulent. They have submitted an affidavit from Christina Carter in which she verifies the signature on the assignment is hers, though she does not specifically recall signing this particular assignment. With regard to the attorney code issue, defendants have submitted an affidavit from Rashad Blanchard, who notarized Carter's signature. Besides attesting that he recognizes the signature as Carter's, Blanchard states that "attorney code 14946" is an internal Ocwen number used to designate the firm that was to record the assignment—in this case the law firm of Burke, Costanza & Carberry LLP—and that use of the code was not intended to designate a Florida bar number.

**A.   Christina Carter's signature on the assignment of mortgage**

Elesh contends that Christina Carter's signature on the mortgage assignment was forged and that as a result the assignment is void or invalid. In support of this argument, Elesh provides affidavits from himself and his wife Yumiko Elesh. Yumiko Elesh says the following in her affidavit:

4

- "Christina Carter has acknowledged and communicated that her supervisor in 2010-2011 was Noemi Morales and she was forging Christina Carter's signature on assignments of mortgage with the knowledge and consent of Ocwen management . . . ."

- "Christina Carter has written in 2013 about the forgeries of her signature on legal documents at Ocwen, which I have read, and has stated orally the forgeries were known by and consented to by Ocwen's management . . . . She wrote about the forgeries of her signature on assignments of mortgage by Noemi Morales after she was served with a subpoena [in this case]. She has admitted orally the forgeries of her signature at Ocwen were by Noemi Morales and Johnna Miller . . . . "

Pl.'s Ex. 2 ¶¶ 2 & 4. Herbert Elesh says essentially the same thing in his affidavit; he likewise reports what Carter communicated to him. *See* Pl.'s Ex. 3 ¶¶ 2 & 4.

Elesh also offers an affidavit from John O'Brien, the Register of Deeds of the Southern Essex District in Massachusetts; O'Brien says he is "aware that Christina Carter is an alleged robo or surrogate signer." Pl.'s Ex. 1 ¶ 3. O'Brien defines a robo-signer as someone who signs previously-prepared documents affecting title to real property without reading them, "in robotic-like fashion." *Id.* ¶ 2. He defines a "surrogate signer" as someone who signs a legal document on behalf of or in the name of someone else, without reading or understanding the document. *Id.* O'Brien does not have anything to say, however, about the particular document at issue in this case. Elesh also offers an affidavit from John B. Moran, a forensic document examiner, but Moran likewise offers no opinion or conclusion regarding the assignment at issue in this

5

case other than to state that Carter "is a known notorious Robo-Signer" and that an Internet search revealed information regarding inconsistencies in her signature, information that Moran does not describe. Pl.'s Ex. 4, p. 6.

The evidence that Elesh has offered, to the extent it is admissible, is insufficient to show a genuine factual dispute regarding the authenticity of Carter's signature on the assignment of Elesh's mortgage. As the Court has indicated, the affidavits submitted by O'Brien and Moran do not address any particular documents purportedly signed by Carter, let alone the assignment at issue here. The affidavits by the Eleshes, in which they describe what Carter told them about forgeries of her signature, are inadmissible hearsay—specifically, Carter's statements recounted in the affidavits are out-of-court statements, which the Eleshes offer to prove the truth of the matters asserted in the statements. *See* Fed. R. Evid. 801(c). Because Carter's statements are inadmissible, the Eleshes' recounting of them via their affidavits is not appropriately considered in the present context. *See* Fed. R. Civ. P. 56(c)(4) (declarations in support of motions for summary judgment must be made on personal knowledge and set forth facts that would be admissible in evidence). And even if Carter's out-of-court statements to the Eleshes were somehow admissible, they, too, are simply general statements about forgeries of her signature; the statements do not contradict or undermine Carter's specific and focused averment in her affidavit that the signature on the assignment of Elesh's mortgage is her genuine signature.

**B.    The attorney code number**

Elesh also alleged the mortgage assignment is void or invalid because Cory Messer, its drafter, allegedly put a dead attorney's Florida bar number on the document.

6

In response, defendants have offered evidence explaining that the number on the draft was an internal number used by Ocwen to designate the law firm it would use to deal with the assignment of mortgage. In short, the number was not a Florida attorney number at all. Elesh has not responded to defendants' argument and has offered no contrary evidence. He is therefore deemed to have conceded or abandoned the point.

**C.    The promissory note**

Elesh also argues, as he has before, that the promissory note that he executed is void. But that is not the basis of his remaining claim; Count 5 is based on his contention that the assignment of the mortgage is void or invalid. That contention does not involve any issue regarding the underlying note. Moreover, as the Court stated in its decision on defendants' motion to dismiss, the fact that MERS has never held the note does not mean the mortgage is invalid. *See Elesh*, 2013 WL 4476547, at *3. In addition, the Court has already rejected Elesh's claim, repeated in his summary judgment response papers, regarding the separation of the mortgage and the underlying debt. *See id.* Elesh has offered no good reason for the Court to revisit that contention here.

## Conclusion

Plaintiff has failed to offer admissible evidence from which a reasonable finder of fact could conclude that the assignment of mortgage had a forged signature or was otherwise void or invalid. Defendants are therefore entitled to summary judgment on plaintiff's remaining claim (Count 5 of the amended complaint). The Court grants their motion for summary judgment [dkt. no. 57] and directs the Clerk to enter judgment in

favor of defendants.

```
                                          _____
                                              MATTHEW F. KENNELLY
                                              United States District Judge
```

Date:  August 5, 2014